[No. 19458. Department Two.—July 31, 1895.]

HARRY PHILIP, RESPONDENT, v. J. E. DURKEE, APPELLANT.

CONTRACT FOR MANUFACTURE AND ERECTION — PLEADING — DELIVERY — UNCERTAINTY AS TO DAMAGES.—In an action by the assignee of contractors who agreed to manufacture iron gates and lamps, and to erect them upon foundations to be prepared and designated by the defendant for an agreed sum, a complaint alleging that the assignors manufactured the gates and lamps, and that since a certain date they have been able, ready, and willing to erect the same in accordance with the contract, and that the gates are specially adapted to the places for which they were made, and cannot be sold elsewhere without enormous loss, amounting to almost the entire contract price; that the assignors requested the defendant to accept the gates and lamps, and to permit their erection, and to pay the agreed sum, which defendant refused to do, does not state a cause of action for the price of the goods for want of an averment of delivery, or offer to deliver them, sufficient to pass the title; and, though it states a cause of action for damages for breach of the contract, is subject to a special demurrer for uncertainty as to what the damage consists of, or as to the extent of the damage, or as to how much injury was sustained by the refusal of the defendant to permit the completion of the contract.

ID.—IMMATERIAL AVERMENT OF DAMAGE TO ASSIGNEE.—The averment that the plaintiff, who was the assignee of the contract, was damaged to the extent of the agreed sum, is immaterial, the defendant not having contracted with the plaintiff, and cannot help out a failure to aver to what extent the assignors were damaged by the breach of the contract.

ID.—PRACTICE—FAILURE TO PRESENT DEMURRER—RULE OF COURT—DECISION OF ISSUE OF LAW.—A demurrer raises an issue of law, and to overrule it decides that issue; and it is immaterial that the court overruled the demurrer because the defendant failed to appear and present it, or that a rule of the superior court provides that a demurrer will be overruled for want of presentation.

ID.—DUTY OF COURT—DECISION OF DEMURRER—REVIEW UPON APPEAL. The code allows an issue of law to be made by a demurrer, and unless

the demurrer is waived, or gotten rid of in some lawful mode, the court must decide the questions raised, regardless of whether the defendant fails to appear and present it or not; and if, on appeal, there is prejudicial error in the action upon the demurrer the case may be reversed for that reason.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. WALTER VAN DYKE, Judge.

The facts are stated in the opinion of the court.

*Chapman & Hendricks*, for Appellant.

The court erred in overruling the demurrer to the complaint. (Civ. Code, secs. 1141, 1485, 1489, 1502, 1503, 2466–68, 3310, 3311; *Hallidie* v. *Sutter Street R. R. Co.*, 63 Cal. 575; *Wing Ho* v. *Baldwin*, 70 Cal. 194.)

*Houghton, Silent & Campbell*, for Respondent.

The demurrer was properly overruled. (*Hallidie* v. *Sutter Street R. R. Co.*, 63 Cal. 576; Civ. Code, secs. 1511, 1512, 2466, 3049, 3311; *Pendleton* v. *Cline*, 85 Cal. 142; *Wing Ho* v. *Baldwin*, 70 Cal. 195.)

TEMPLE, J.—Defendant appeals from the judgment and from an order refusing a new trial.

The complaint was demurred to, and the demurrer is insisted upon here.

Plaintiff sues as assignee of Fruhling Bros., and avers in his complaint that Fruhling Bros. contracted with Durkee to manufacture out of materials to be furnished by them, and to erect upon foundations to be prepared and designated by Durkee, certain iron gates and lamps, for which Durkee agreed to pay Fruhling Bros. four hundred and thirty dollars. Also that Fruhling Bros. did construct and manufacture said gates and lamps, and the work of manufacture was completed about October 1, 1891, " and they have ever since been able, ready, and willing to erect the same in accordance with said contract."

Further, the gates are specially adapted to the places

for which they were made, and cannot be sold elsewhere without "enormous loss, amounting to almost the entire contract price." And that at divers times before the twenty-ninth day of April, 1892, Fruhling Bros. requested said Durkee to accept said gates and lamps, and to permit said Fruhling Bros. to erect them upon said premises; and to pay them therefor the sum of four hundred and thirty dollars, but said defendant, without any cause therefor, refused to accept said gates and lamps, or any of them, or to permit the same to be erected, or to pay for the same, or any part thereof.

The assignment was made to plaintiff April 29, 1892.

It is averred that plaintiff, by reason of the premises, has suffered damages in the sum of four hundred and thirty dollars, with interest from the first day of October, 1891.

The demurrer was not only upon the general ground of insufficiency of facts, but also for uncertainty, charging that it is uncertain upon what grounds plaintiff seeks to recover in this action, and in what the alleged damages consist of, or in what manner plaintiff has been damaged, or as to what is the value of said gates, lamps, and material.

The complaint, treated as in an action for the price of the goods, is insufficient, because there is no averment of delivery or offer to deliver sufficient to pass the title to Durkee.

Considered as an action for damages for a breach of the contract it does state a cause of action, but, as such, it is obnoxious to the objections raised by the special demurrer. It is uncertain as to what the damage consisted of, or as to the extent of the damage.

It may be construed as asserting that the loss of Fruhling Bros. is enormous, and amounting to almost the entire contract price, because the goods would not be valuable for any other purpose. How much they are injured by the refusal of Durkee to permit them to complete the contract is nowhere stated even in general terms.

The final allegation that plaintiff has been damaged in the sum of four hundred and thirty dollars is not material.   Defendant did not contract with him.

It has been often held that there is nothing in the proposition that the court overruled the demurrer because the defendant failed to appear and present it.   A demurrer raises an issue of law.   To overrule the demurrer is to decide that issue.   On appeal, if there was prejudicial error in the ruling, the case may be reversed for that reason.   Even a rule of the superior court that a demurrer would be overruled for want of presentation would make no difference.   The code allows such issue to be made, and, unless the demurrer is waived or gotten rid of in some lawful mode, the court must decide the questions raised.

The demurrer itself presents the points.

The judgment and order are reversed and the cause remanded, with directions to the trial court to sustain the demurrer.

Henshaw, J., and McFarland, J., concurred.