[Civ. No. 11621. Second Appellate District, Division One.—December 16, 1938.]

FLOYD B. TROMBLEY et al., Appellants, v. Dr. ROBERT KOLTS, Respondent.

Eugene L. Wolver and Louis Miller for Appellants.

Armand H. Blum and Donald Kolts for Respondent.

WHITE, J.—This action is one for damages against the defendant and respondent, a physician and surgeon, based upon certain acts of alleged negligence upon the part of respondent in the performance of an operation upon one of the plaintiffs. The plaintiffs are husband and wife. In their amended complaint they allege that on the 24th day of January, 1932, plaintiffs employed the respondent as such physician and surgeon to perform an operation upon the plaintiff Ethel E. Trombley. It is further alleged that thereafter, to wit, on the 12th day of February, 1932, the respondent, pursuant to said employment, undertook to and did perform a surgical operation upon the said Ethel E. Trombley, and that while performing said operation or during the post-surgical care rendered thereafter by respondent, he caused a skin clip to drop or fall and become placed in the body of said Ethel E. Trombley. It is further alleged that thereafter, upon the advice of respondent, Ethel E. Trombley obtained certain treatments from a person not a physician and surgeon; that as a prerequisite to such treatments X-rays were taken, after which respondent was informed that the X-rays indicated the presence of a foreign body, namely, the skin clip, within the body of said appellant Ethel E. Trombley. It is further pleaded that upon her inquiry of respondent as her physician and surgeon concerning the effect of said skin clip within her body, she was informed by respondent that the same would have no ill effect or detriment, and that she would not thereafter be caused any trouble, injury or ill effect by reason thereof. It is further alleged that respondent was the only physician and surgeon who treated or advised her in regard to the skin clip until the 12th day of October, 1934, when she was otherwise advised by another physician and surgeon concerning the deleterious effects upon her health as a result of the skin clip's remaining within her body. It is also set forth that from the time she first consulted respondent concerning the presence of the skin clip in her body up until the aforesaid date in October, 1934, Ethel E. Trombley relied upon respondent's statement and believed the same to be true. It is then charged upon information and belief that when re-

spondent made said statements he knew the same to be false and incorrect, and that the same were made for the purpose of misleading and concealing from appellants the ill effect and detriment to the health of appellant Ethel E. Trombley that would result by reason of said clip's remaining in her body.

By his answer respondent denied the material allegations set forth in the second amended complaint, and in addition thereto offered as affirmative defenses that the appellants' cause of action was barred by section 340 of the Code of Civil Procedure; that appellant Ethel E. Trombley was guilty of contributory negligence in that she failed to exhibit said X-rays to respondent; and that appellants' cause of action was further barred by section 339 of the Code of Civil Procedure; and as a final defense respondent alleged that in June, 1933, appellant Ethel E. Trombley placed herself under the care of physicians and surgeons other than the respondent herein, which physicians and surgeons were advised of the existence of the skin clip in the body of said appellant and rendered "certain medical treatments relating to said clip", all of which, it is alleged in respondent's affirmative defense, transpired more than one year prior to the institution of appellants' suit.

It will be noted from the allegations of the second amended complaint that respondent undertook to perform said operation on February 12, 1932, at which time, or during the post-surgical treatment following, he caused said skin clip to become embedded in plaintiff's body, and which said skin clip was not removed until October, 1934, a period of some thirty-two months. The statute of limitations pleaded by respondent provides that an action for injury caused by the wrongful act or neglect of another must be commenced within one year from the date of the injury. (Code Civ. Proc., sec. 340, subd. 3.) The position of the respondent, which was sustained by the trial court as indicated by the findings of fact, is that the negligence of respondent, if any existed, by reason of his failure to remove the skin clip from the body of appellant Ethel E. Trombley, occurred on or before the time when she sought and obtained the services of other physicians and surgeons, and placed herself under their professional care, which it is claimed was more than one

year prior to the commencement of this action. It should furthermore be stated that the second amended complaint shows that the plaintiffs' ignorance of their right to commence this action was due directly and solely to the conduct of respondent and to the advice given by him to the effect that the presence of the foreign substance or skin clip in the body of Ethel E. Trombley would not injuriously affect her health.

At the trial of the cause, upon the conclusion of the testimony of appellant Ethel E. Trombley and before plaintiffs had rested their case, the trial judge stated that he would entertain an objection to the introduction of any further evidence. This objection accordingly was made by respondent's counsel on the grounds "that the undisputed and uncontradicted evidence in this case shows that this lady, the plaintiff in this case, was under the care of other physicians and surgeons, namely, those in the General Hospital, who had actual knowledge of the existence of this foreign body, this foreign substance in her body, for over a year and a half prior to the institution of the suit. And she placed herself under the care of other physicians who rendered her services; that she had no longer a right to rely upon any representations, if any, false or otherwise, alleged to have been made or made by defendant in this case . . . the undisputed facts show the plaintiff is barred by the provisions of section 340, subdivision 3, of the Code of Civil Procedure." When the court sustained this objection, but before the dismissal of the jury, appellants made an offer of proof, naming the witnesses, including Ethel E. Trombley, who would testify:

"That she had no information, advice or other knowledge from any other doctor in regard to the clip or the effect of the clip until after the second operation of Dr. Smith, namely, in the month of October, 1934. I offer to prove by other witnesses, that the defendant, Dr. Kolts, admitted that he had seen the X-ray. I offer to prove that by the witness Swanson, and also the condition of mind of Ethel Trombley at all times, that she relied on the statements and advice of Dr. Kolts. I offer to show the condition of mind which I offer to prove by the witness Mrs. Hickerson, that the witness accompanied the plaintiff, Ethel Trombley, together with the first two X-rays, exhibits 1 and 2, to the office of Dr. Kolts,

and waited in the waiting room while Mrs. Trombley went into the private office of Dr. Kolts with the two X-rays; that upon coming to the door she heard the conversation between the two, in substance as follows: 'Mrs. Trombley, you need not worry. You will not be caused any ill effect.'

"I offer to prove by the witness, Dr. Wilburn Smith, that the leaving of a clip in during an operation is a negligent act; that the leaving of a clip in during the post-surgical care is a negligent act; that at the time the supposed conversation was had at which the two X-rays were used by the defendant, Dr. Kolts, it was the general knowledge of physicians and surgeons in this community that a foreign body in the person of a party in the same physical condition as Mrs. Trombley, would thereafter cause infection and be detrimental to her health.

"I offer to prove that he operated upon her for a cyst the first time; that he did not discuss the clip with her until after the second operation, at which time he informed her that the clip was the cause of her trouble.

"I offer to prove also by this witness the condition of the mind, and the frame of the mind of the plaintiff, Ethel Trombley, just prior to this operation in 1934, to-wit, that at that time she had full reliance in the statements of the defendant, Dr. Kolts, that the clip would not cause any detriment or ill effect to her health.

"I further offer to prove that a clip in this condition will cause pain and suffering, and that in order to protect the health of Ethel Trombley, it was necessary subsequently to operate upon the plaintiff, Ethel Trombley; that such operation will entail an expenditure, hospital expenses necessarily incurred, and that the reasonable value of the same will be— well, I won't make any offer of proof of reasonable value. I don't know what they will ask for it, but an operation will be necessary.

"I offer to prove by the witness, Dr. Wilburn Smith, that by reason of this clip, and the existence of this clip in the tissue, that the tissue has swollen and become enlarged, and such enlarged tissue even though the clip be removed, will forever result in a permanent injury to the person and detriment to the health of Ethel E. Trombley.

"I now offer to prove, your Honor, by the defendant under section 2055, that he had a conversation with Mrs. Trombley; that he knew of the existence of this clip; that he at that time and place knew that the same was in her person by reason of the X-rays, and would cause detriment and ill effect to her health; that he concealed such fact for the purpose of preventing her bringing an action for malpractice or other choses in action against him; that he waited for approximately one year or more after the performance of the operation in order to give her a letter to the General Hospital, although his bill had not been paid for a considerable time prior thereto, in order that a year would have elapsed after the operation performed by him and Dr. Basher—by him. Strike out Dr. Basher.

"That he thereafter, after the conversation wherein the plaintiff informed him that X-rays had been taken, and the foreign body had been found in the X-rays, saw the plaintiff on several occasions, but made no further requests to see the X-rays, nor did he thereafter make any requests to her.

"I further offer to prove by the defendant, as an adverse witness under 2055, that the defendant thereafter consulted with and advised the plaintiff until the month of September, 1934.

"I will further offer to prove that at the time the alleged conversation was had in November, at which time—the two X-rays—he knew that there was a clip, and that said clip would have an ill effect and be a detriment to her health. May the record show that the witnesses under subpoena would so testify."

Objection to the offer of proof being sustained and the jury being discharged, the court made findings as follows: "That the undisputed and uncontradicted evidence, as shown in the evidence, and proof introduced by the plaintiff Ethel E. Trombley, discloses that for more than one year prior to the institution of suit by plaintiffs that the plaintiff, Ethel E. Trombley, was under the care, observation and treatment of other physicians and surgeons other than the defendant herein, which said physicians and surgeons knew and Ethel E. Trombley knew of the existence of said alleged 'skin-clip' in the body of the plaintiff, and more particularly described in the Second Amended Complaint on file herein."

From which findings the court concluded as a matter of law that the plaintiffs' cause of action was barred under and by reason of the provisions of section 340, subdivision 3, of the Code of Civil Procedure. Judgment was accordingly entered in favor of respondent and against appellants herein, from which judgment, as well as from the order by which respondent's motion to exclude further testimony was granted, and from the denial of appellants' motion for a new trial, this appeal is prosecuted.

Appellants first contend that the evidence adduced at the trial, up to and including the making of respondent's motion, did not disclose that the cause of action was barred by the statute of limitations. We find ourselves in accord with appellants' claim in this regard. And when viewed in the light of the offer of proof, the evidence was amply sufficient to require a denial of the motion. Respondent urges that the offer of proof adds nothing to appellants' cause because the testimony of Mrs. Trombley showed that the cause of action was barred by the statute of limitations and that where appellants' own evidence showed that their cause of action was barred, no useful purpose would be served by taking additional testimony, by reason whereof the trial court was correct in discharging the jury and rendering judgment for respondent. (*Edgecomb* v. *Callahan,* 132 Cal. App. 248 [22 Pac. (2d) 521].)

It is undoubtedly true that while a party is at liberty to show by one witness what is opposed to the testimony given by another, this will not permit such party for his own advantage to say · that the testimony given by himself shall be treated as false and that of an opposing witness as true. However, in the instant case, we have carefully read the testimony of appellant Ethel E. Trombley and find therein nothing that militates against the right of appellants to bring this action at the time it was instituted. The testimony of Mrs. Trombley showed that following the operation and the supposed removal of the skin clips from the incision, she remained under the post-surgical care of respondent doctor, during which time she complained to respondent that she was suffering from indigestion and gastritis; that respondent prescribed treatment for her in the form of tablets. Failing to receive relief, appellant inquired of respondent as to what

he thought of colonic treatments, at which time, according to appellant's testimony, respondent said, "Well, I believe they will help you, Mrs. Trombley. There is no harm in trying them." Mrs. Trombley then inquired of respondent as to whether he knew of any doctor she could consult, to which respondent answered, "No, I do not, but any doctor that specializes in colonic treatments would be all right." Thereafter, Mrs. Trombley consulted a chiropractor, who suggested as a prerequisite to the taking of such colonic treatments that X-rays be obtained. Following the taking of the X-rays, appellant stated to respondent that she had been informed the X-rays showed the existence of a foreign substance in her body. By appellant's testimony it was brought out that respondent requested to and was permitted to examine the X-rays, at which time appellant inquired of respondent whether there was a foreign object in her body, and if so, whether it would injure or be detrimental to her health, and would necessitate a subsequent operation. According to the testimony of Mrs. Trombley, respondent said, "Mrs. Trombley, don't worry about it, because it will never cause you any trouble. There are hundreds of people walking around with those things inside of them, and it never causes them trouble. And as your physician and surgeon, I would advise you against the operation." This was about November of 1932. Thereafter Mrs. Trombley continued to consult with respondent doctor until about fifteen months after the operation, when on June 7, 1933, respondent recommended Mrs. Trombley to the General Hospital.

■ It is respondent's contention that at this time Mrs. Trombley, by going to the General Hospital, placed herself under the professional care of doctors other than respondent, and that having failed to bring an action within one year after she sought the advice and professional care of the General Hospital physicians, such action was barred by the statute of limitations. However, when reference is had to the letter written by respondent referring Mrs. Trombley to the General Hospital, it is at once apparent that such reference was not made in connection with the presence in or removal from the body of Mrs. Trombley of the skin clip. In fact, the pertinent part of the letter addressed to the General Hospital physician reads as follows: "This will

introduce Mrs. Floyd Trombley, who has been having considerable trouble with her throat. Would like to have her looked over in the throat and nose department. Anything you can do for her will be appreciated.'' Appellant testified that she received no advice from physicians other than respondent concerning the skin clip until the time of the operation for the removal of the same in the latter part of 1934, and the foregoing letter written by respondent lends verity to appellant's testimony in this regard. Appellant testified that the only medical advice she received with reference to the skin clip and its possible deleterious effects was from respondent doctor; that she was in constant contact with respondent doctor and saw him personally as late as September, 1934. The complaint herein was filed February 1, 1935, approximately four months thereafter.

Upon this state of the record, showing as it does a continuation of the relationship of physician and patient, there was a continuing obligation on the part of respondent physician, and the statute of limitations did not commence to run until the termination of the relationship, which, according to appellant's testimony, occurred in September, 1934. In the instant action the negligence consisted in leaving the skin clip in the body of appellant after the purpose for which it had been placed there had been fully accomplished. and this negligence continued up to the time of its removal in September, 1934. Where the tort is continuing, the right of action is also continuing. It was the ever-present duty of respondent doctor to remove the skin clip from the body of appellant, and especially was this his duty after he discovered from the X-rays the presence of such foreign object within the body of appellant. The evil consequences which followed the operation in the instant case gave rise to appellant's cause of action, and that cause of action extended during the entire period the surgeon was in charge of. the case, and her right of action became complete only when in September, 1934, she terminated the relationship of physician and patient and sought the aid of other surgeons to remove the skin clip. It would be inconsistent to say that the appellant might sue for her injuries while the respondent doctor was still in charge of the case and advising and assuring her not to worry about the skin clip ''because it will

never cause you any trouble. There are hundreds of people walking around with those things inside of them and it never causes them trouble. And as your physician and surgeon I advise you against the operation.''

With reference to an argument urging a contrary rule, it was said in *Huysman* v. *Kirsch,* 6 Cal. (2d) 302, 309 [57 Pac. (2d) 908], ''It would be trifling with the law and the courts to exact compliance with such a rule, in order to have a standing in court for the vindication of her rights. It would be imposing upon her an improper burden to hold, that in order to prevent the statute from running against her right of action, *she must sue while she was following the advice of the surgeon and upon which she all the time relied.*'' (Emphasis added.) ▮ The relation or employment in this case, according to appellant's testimony, having continued up to September, 1934, each day's failure to remove the skin clip was a fresh breach of the contract implied by the law. The removal of the skin clip was a part of the operation, and in this respect the surgeon left the operation uncompleted. (See *Akridge* v. *Noble,* 114 Ga. 949 [41 S. E. 78].) Certainly the statute of limitations should not run against appellant's rights during the time she was in ignorance of the cause of her disability, and could not with reasonable ·care and diligence ascertain such cause, and in the instant case, where, as she testified, appellant relied upon respondent's assurances that the presence of the skin clip would not impair her health, the statute should be tolled during all the time she was under the care of respondent and consulted only with him with reference to the condition produced by the presence of the skin clip in her body.

From the foregoing it is at once apparent that the trial court fell into error in sustaining the objection to the introduction of further evidence, and that neither the findings of fact nor conclusions of law arrived at by the trial court, that appellants' cause of action is barred under the provisions of section 340, subdivision 3, of the Code of Civil Procedure, find support in the evidence. When there is added to the evidence which was before the trial court at the time the motion was presented, the offer of proof—and the evidence so offered must be deemed to be true as stated in the offer—

it is manifest that appellants were entitled to present their case to the jury.

By reason of the foregoing, no other points raised demand our attention.

█ The attempted appeals from the order granting defendant's motion to exclude further testimony and from the order denying plaintiffs' motion for a new trial are dismissed.

The judgment is reversed and the cause remanded for a new trial.

York, P. J., and Doran, J., concurred.