[Civ. No. 13465. Second Dist., Div. Two. May 25, 1942.]

MERRILL ANN FAITH, Appellant, v. C. H. ERHART, Respondent.

Philander B. Beadle and Samuel Vartan for Appellant.

Wm. M. Rains for Respondent.

WOOD (W. J.), J.—This is an action against a dentist in which malpractice is charged. Plaintiff has appealed from a judgment entered against her after the trial court sustained without leave to amend defendant's demurrer to the first amended complaint.

It is alleged in the amended complaint that on August 15, 1930, at plaintiff's request defendant undertook to render dental care and treatment for her and in the course of the treatment extracted approximately twenty-six teeth. It is further alleged ''that defendant so negligently performed said extractions and thereafter treated plaintiff therefor as to cause the roots or portions thereof of six of said extracted teeth to break and remain imbedded in plaintiff's jaw and gums. . . . That defendant so treated plaintiff for a period of four months and immediately prior to discharging plaintiff, defendant, with full knowledge that said roots had broken and remained imbedded in the jaw, which condition in the exercise of due care required further dental care and treatment, and with the intent to conceal from plaintiff all the facts and circumstances concerning said negligent treatment and results thereof, did falsely state and represent to plaintiff that the extractions were complete and that no further dental care and treatment were necessary because of the extractions. That plaintiff believed said representations to be true and relying upon the same, did not seek further medical or dental care or treatment therefor until the times hereinafter set forth. That plaintiff first learned the falsity of said statements on the 15th day of February, 1941, at which time X-ray films taken on said day revealed the presence of said broken roots and portions thereof, all in a highly infected state; that for approximately four years prior to said discovery, plaintiff

suffered serious ill and generally run-down health; that plaintiff consulted and was examined by many physicians for her condition of poor health; that it was not discovered and plaintiff was not apprised that said condition of health was caused by and was due to the negligent extractions and discharge from further treatment as aforesaid until the taking of said X-rays on the 15th day of February, 1941. That by reason of said negligence of defendants, plaintiff suffered ill health, pain and suffering and was subjected to an operation to remove said broken roots.''

█ The complaint was filed on May 22, 1941. It is contended by defendant that the action is barred by subdivision 3 of section 340 of the Code of Civil Procedure, which provides that actions founded in negligence must be commenced within one year. In *Huysman* v. *Kirsch*, 6 Cal. (2d) 302, 303 [57 P. (2d) 908], a general rule was announced which makes necessary a reversal of the judgment in the case now before us. In the Huysman case the court referred to its ruling in *Marsh* v. *Industrial Acc. Comm.*, 217 Cal. 338 [18 P. (2d) 933, 86 A. L. R. 563], in which it was held ''that the statute of limitations did not run against these employees until they knew the causes of their injury, or by reasonable care and diligence should have known the cause of their injury'' (p. 312), and in applying the rule to a malpractice case the court said: ''We can see no good reason why, if the statute of limitations did not begin to run in one case, that it should run in the other.''

From the allegations of the complaint in the present case it appears that plaintiff had no knowledge of the negligent acts of defendant until within four months of the filing of the complaint. It was incumbent upon her to establish that she did not know the cause of her ill health at any time prior to one year from the date of the filing of the complaint and that her failure to gain such knowledge was not due to a failure to exercise reasonable care and diligence. She alleges that during the four year period before the filing of the complaint she consulted and was examined by many physicians concerning her ''generally run-down health'' and that she was not apprised that her condition was caused by the ''negligent extractions'' until an X-ray picture was taken. This is tantamount to an allegation that the physicians consulted did not ascertain or advise plaintiff as to the true cause of her ill health. Doubtless improvement could be made upon these allegations by giving the names and standing of the physicians

consulted, the nature of their examinations and the advice given but the court erred in sustaining the demurrer without leave to amend, thus preventing the making of more specific allegations. The practice of medicine is not an exact science and it is a matter of common knowledge that physicians frequently find great difficulty in determining the cause of "generally run-down health." Especially is this true in the case of a person whose teeth had been extracted in such manner as to leave many of the roots remaining with the patient. It could not be held as a matter of law that the patient had failed in the exercise of due diligence if she and her consulting physicians felt it unnecessary to have X-ray pictures taken of the jaws from which the teeth had been extracted at least seven years earlier, at which time the extracting dentist had given assurance that no further dental care or treatment was necessary.

The judgment is reversed with directions to the superior court to permit plaintiff to file a second amended complaint if she cares to do so.

Moore, P. J., concurred.

McComb, J., dissented.