[Civ. No. 13407. First Dist., Div. One. Sept. 23, 1947.]

ELIZABETH GRENINGER, Appellant, v. RAY FISCHER et al., Respondents.

Melvin M. Belli and Van H. Pinney for Appellant.

Johnson & Ricksen, Appelbaum & Mitchell and John Jewett Earle for Respondents.

PETERS, P. J.—Plaintiff brought this action against defendants, licensed physicians, to recover for injuries resulting from the alleged negligent treatment and diagnosis of her illness by defendants. Defendants separately demurred, generally and specially. The trial court sustained the demurrers without leave to amend, and judgment for defendants was entered. Plaintiff appeals.

The record does not indicate that plaintiff requested leave to amend. Prior to 1939, such failure would have been fatal to plaintiff's appeal, but since section 472c was added to the Code of Civil Procedure in that year, it is now the law that when a demurrer is sustained without leave to amend the question of whether the trial court abused its discretion in making the order may be urged on appeal even though no request to amend has been made. It has consistently been held under this section that, where a complaint is not subject to general demurrer, it is an abuse of discretion to sustain a demurrer without leave to amend even though the complaint may be subject to special demurrer and that no request to amend is necessary. (*Wennerholm* v. *Stanford Univ. Sch. of Med.*, 20 Cal.2d 713 [128 P.2d 522, 141 A.L.R. 1358]; *Maguire* v. *Hibernia S. & L. Soc.*, 23 Cal.2d 719 [146 P.2d 673, 151 A.L.R. 1062]; *Hancock Oil Co.* v. *Hopkins*, 24 Cal.2d 497 [150 P.2d 463]; *Columbia Pictures Corp.* v. *DeToth*, 26 Cal. 2d 753 [161 P.2d 217, 162 A.L.R. 747].)

Tested by this standard there is no doubt that the complaint, while not a model of pleading, amply states a cause of action sufficient to withstand a general demurrer. It alleges that on or about February 11, 1945, plaintiff sustained certain injuries; that defendants undertook to treat plaintiff for those injuries; that "defendants carelessly and negligently failed and neglected to exercise reasonable and ordinary care and diligence in the treatment of plaintiff's injury as aforesaid, and failed and neglected to exercise a degree of learning

and skill of knowledge ordinarily possessed by physicians of good standing practicing in the said County of Alameda where defendants undertook the treatment of plaintiff. That said defendants were unskilled in that they failed to correctly diagnose the nature of the injury to said plaintiff, that they were unskilled in that they failed to select a proper method of treatment of said injury and they were further unskilled in their care of said injury in that they failed to take proper precautions to prevent infection from setting in at the site of said injury. That by reason of said carelessness and negligence and want of skill of defendants, and as a proximate result thereof plaintiff suffered the damages hereinafter set forth.'' Damages in the amount of $25,000 are then properly alleged.

It is quite obvious that these allegations set forth a legal duty, breach thereof, proximate causation and resulting damage. That is all that is required. In this state negligence may be pleaded in general terms, and that is as true of malpractice cases as it is of other types of negligence cases. Moreover, in a malpractice case, it is sufficient, at least as far as a general demurrer is concerned, to aver that certain treatment was negligently administered by defendant to plaintiff's damage without alleging in what respect the treatment may have been deficient. (*Guilliams* v. *Hollywood Hospital*, 18 Cal.2d 97 [114 P.2d 1]; *Rannard* v. *Lockheed Aircraft Corp.*, 26 Cal.2d 149 [157 P.2d 1]; *Criss* v. *Angelus Hospital Assn.*, 13 Cal.App.2d 412 [56 P.2d 1274]; *Abos* v. *Martyn*, 31 Cal.App.2d 705 [88 P.2d 797]; *Smith* v. *Beauchamp*, 71 Cal. App.2d 250 [162 P.2d 662]; see notes 33 Cal.L.Rev. 248, 264; 35 Cal.L.Rev. 267, 269.) Defendants, without the citation of a single authority, urge that the complaint is ''replete with conclusions, inferences and *non sequiturs,* but lacking in any allegation of necessary facts.'' (Res. Brief, p. 6.) In many of the above-cited cases the complaints there involved were much more sketchy and less detailed than the instant one. Those cases demonstrate to a certainty that the present complaint states a cause of action.

Defendants urge, again without citation of a single authority, that the complaint shows on its face that the cause of action is barred by the one-year limitation contained in section 340, subdivision 3, Code of Civil Procedure, a point raised in the demurrers. The complaint was filed June 13, 1946. The injury requiring medical care occurred on Febru-

ary 11, 1945. The professional services of defendants commenced "immediately thereafter." The complaint alleges: "That until on or about the 15th day of June, 1945, plaintiff had full faith in the skill and veracity of defendants, and each of them, and believed and relied upon statements made by said defendants to plaintiff that all possible care and treatment was being rendered to plaintiff's injury, and that said injury would be finally cured; that by reason of plaintiff's reliance upon the statements so made by defendants plaintiff was induced to refrain from seeking or securing medical advice and treatment from other physicians and surgeons until on or about June 15, 1945."

Prior to 1936, the courts of this state applied a very strict rule in malpractice cases in reference to the statute of limitations. In that year the Supreme Court clarified and liberalized the applicable rules in the case of *Huysman* v. *Kirsch*, 6 Cal.2d 302 [57 P.2d 908]. As a result of that case, and the cases following it (*Trombley* v. *Kolts*, 29 Cal.App.2d 699 [85 P.2d 541]; *Petrucci* v. *Heidenreich*, 43 Cal.App.2d 561 [111 P.2d 421]; *Ehlen* v. *Burrows*, 51 Cal.App.2d 141 [124 P.2d 82]; *Faith* v. *Erhart*, 52 Cal.App.2d 228 [126 P.2d 151]) the rule is now settled that in those cases where the one-year statute is applicable (and not the three-year statute based on allegations of fraudulent concealment) the statute does not start to run until the date of the discovery, or the date when, by the exercise of reasonable care, plaintiff should have discovered the wrongful act, or the date of the termination of the relationship of physician and patient. The allegations here demonstrate that the action was filed within one year of discovery.

Defendants do not directly challenge the application of the rules announced in these cases to the allegations here involved, but argue, again without citation of authority, that the date of discovery is alleged to be "on or about June 15, 1945," and contend that such allegation is insufficient in that "on or about" may have been June 12th or 13th as well as June 15th. The contention lacks merit. Before a complaint is subject to a demurrer based on the statute of limitations it must appear from the face of the complaint that the cause is barred, not merely that it may be barred. (*Antioch College* v. *Barnhart*, 49 Cal.App.2d 171 [121 P.2d 521].) This being so, the pleading is sufficient so far as the statute of limitations is concerned.

554

The orders of the court below in sustaining the demurrers recite that "no one appearing as counsel for plaintiff." Based on this finding defendants, again without the citation of a single authority, urge that when plaintiff failed to appear, the trial court, within its discretion, could infer that plaintiff had abandoned or waived her cause of action. To state the contention is to refute it. A waiver of a right cannot be established without a clear showing of an intent to relinquish such right, and doubtful cases will be decided against a waiver. (*Craig* v. *White*, 187 Cal. 489 [202 P. 648] ; *Aronson* v. *Frankfort etc. Ins. Co.*, 9 Cal.App. 473 [99 P. 537] ; see cases collected 25 Cal.Jur., p. 932, § 7.)

Although we have found no case involving the legal effect of a plaintiff failing to appear to support his pleading there are several cases discussing the legal effect of a defendant failing to appear to argue in support of his demurrer. In *Richards* v. *Travelers' Ins. Co.*, 80 Cal. 505, 506 [22 P. 939], the court stated: "We know of no reason for holding that a party who submits a demurrer without argument thereby waives any objection raised by the demurrer. The objection is taken by the demurrer, and not by the argument and it points out to the court and the opposite party every objection to the complaint that is raised by such a demurrer. It is the duty of the opposite party to look to his pleading and see that it is sufficient to withstand such a demurrer, and it is equally the duty of the court to examine the pleading and determine as to its sufficiency, whether the demurrer is argued or not."

The same principle was announced in *Philip* v. *Durkee,* 108 Cal. 300 [41 P. 407], where the court stated (p. 303) : "It has often been held that there is nothing in the proposition that the court overruled the demurrer because the defendant failed to appear and present it. A demurrer raises an issue of law. To overrule the demurrer is to decide that issue. On appeal, if there was prejudicial error in the ruling, the case may be reversed for that reason. Even a rule of the superior court that a demurrer would be overruled for want of presentation would make no difference. The code allows such issue to be made, and, unless the demurrer is waived or gotten rid of in some lawful mode, the court must decide the questions raised."

It would appear too clear to require further argument that if the failure of a defendant to appear in support of his own demurrer is not a waiver, even if a court rule so provides, the failure of a plaintiff to appear to argue against

the demurrer cannot and should not, *per se,* be interpreted as a waiver of the cause of action. It is the duty of the court to rule on the sufficiency of the pleading and this cannot be done by indulging in inferences of a waiver.

The complaint states a cause of action good as against the general demurrers or the charge that the statute of limitations had run. To refuse leave to amend was an abuse of discretion even if the special demurrers were well taken. Upon a reconsideration of the special demurrers the court may require the clarification of any uncertainties that may appear in the complaint. (*Washer* v. *Bank of America,* 21 Cal.2d 822 [136 P.2d 297, 155 A.L.R. 1338] ; *Hancock Oil Co.* v. *Hopkins,* 24 Cal.2d 497 [150 P.2d 463].)

The judgment is reversed.

Bray, J., and Finley, J. pro tem., concurred.