[Civ. No. 15732.   First Dist., Div. Two.   May 21, 1954.]

JONATHAN MYERS, a Minor, etc., Appellant, v. SAMUEL STEVENSON et al., Respondents.

Barbagelata, Zief & Carmazzi, Arthur C. Zief and Rinaldo A. Carmazzi for Appellant.

Lamb, Hoge & Killion and Hadsell, Murman & Bishop for Respondents.

DOOLING, J.—Plaintiff appeals from a judgment in favor of defendants which was entered following an order sustaining defendants' demurrers to his second amended complaint without leave to amend.

The complaint is for personal injuries alleged to have been caused to plaintiff by the negligence of defendant Stevenson, a licensed physician, and defendant Franklin Hospital, during the labor of plaintiff's mother prior to plaintiff's birth, and during the birth of plaintiff, in defendant hospital. Plaintiff was born on or about November 1, 1945, and this action was commenced on March 18, 1952, a few months over six years after plaintiff's birth.

The question is presented whether the action is barred by the provisions of section 29 of the Civil Code. That section reads:

"A child conceived, but not yet born, is to be deemed an

existing person, so far as may be necessary for its interests in the event of its subsequent birth; *but any action by or on behalf of a minor for personal injuries sustained prior to or in the course of his birth must be brought within six years from the date of the birth of the minor, and the time such minor is under any disability mentioned in Section 352 of the Code of Civil Procedure shall not be excluded in computing the time limited for the commencement of the action."* (Emphasis ours.)

In *Scott* v. *McPheeters,* 33 Cal.App.2d 629, 639 [92 P.2d 678, 93 P.2d 562], the court held that an action would lie under section 29 for injuries negligently inflicted upon the plaintiff before his birth. At the next session of the Legislature following this decision the Legislature added the language above emphasized to the section. (Stats. 1941, p. 1579.)

To excuse the filing of the complaint more than six years after plaintiff's birth it was alleged in the second amended complaint: (1) that plaintiff "remained under the care and control of defendant Stevenson until on or about the month of May, 1946" and (2) "(t)hat plaintiff was unaware that he had been injured during the course of his birth by the negligence and carelessness of defendants, and each of them, until the month of July, 1951, when it became necessary for the plaintiff to be again examined and treated by other physicians and surgeons, at which time his true condition, and the causes thereof, were made known to him."

It has become settled law in California that the statute of limitations for malpractice does not ordinarily commence to run while the physician-patient relationship continues between the defendant physician and the plaintiff. The reason for this rule was stated in the land-mark case of *Huysman* v. *Kirsch,* 6 Cal.2d 302, 312 [57 P.2d 908] : "During all this time she was under the exclusive care of the respondent, a reputable and skilful physician and surgeon, and both Mrs. Huysman and her husband relied solely upon him for information as to her physical condition and as to her failure to regain her health. It cannot be said, therefore, that they had any knowledge whatever of the cause of her failure to recover from the operation, or that they could have gained that knowledge by the exercise of due care and diligence prior to September 26, 1932."

The cases uniformly since this decision have followed the rule that while the physician-patient relation continues the plaintiff is not ordinarily put on notice of the negligent

conduct of the physician upon whose skill, judgment and advice he continues to rely. (*Trombley* v. *Kolts,* 29 Cal.App.2d 699 [85 P.2d 541]; *Petrucci* v. *Heidenreich,* 43 Cal.App.2d 561 [111 P.2d 421]; *Ehlen* v. *Burrows,* 51 Cal.App.2d 141 [124 P.2d 82]; *Greninger* v. *Fischer,* 81 Cal.App.2d 549 [184 P.2d 694].) If this rule is applicable to the six year limitation of section 29, Civil Code, the allegation that defendant Stevenson continued to treat plaintiff ''until on or about . . . May, 1946,'' with the further allegation of lack of knowledge of the cause of plaintiff's injuries during that period would bring the action as to defendant Stevenson fairly within this rule. It would seem also to furnish reasonable grounds for the failure in the exercise of reasonable diligence to discover the negligent conduct of the defendant hospital during the same period.

▉ It is a further settled rule in malpractice cases that the statute of limitations only starts to run from the date of discovery of, or the date when by the exercise of reasonable diligence the plaintiff should have discovered, the wrongful act. (*Huysman* v. *Kirsch, supra,* 6 Cal.2d 302; *Costa* v. *Regents of University of California,* 116 Cal.App.2d 445 [254 P.2d 85]; *Agnew* v. *Larson,* 82 Cal.App.2d 176 [185 P.2d 851]; *Bowman* v. *McPheeters,* 77 Cal.App.2d 795 [176 P.2d 745]; *Pellett* v. *Sonotone Corp.,* 55 Cal.App.2d 158 [130 P.2d 181]; *Faith* v. *Erhart,* 52 Cal.App.2d 228 [126 P.2d 151].) This rule has just been reaffirmed by the Supreme Court in *Stafford* v. *Schultz,* 42 Cal.2d 767 [270 P.2d 1] (opinion filed May 11, 1954).

▉ No particular criticism is leveled by respondents at the sufficiency of the allegations of the second amended complaint concerning the ignorance of the cause of action and its discovery, except as hereinafter noted. If the allegations might be more explicit as to the reason for not discovering the cause of action sooner, it does not appear that they could not be amended to meet any such objection and this being so the sustaining of the demurrer without leave to amend would be reversible error, if it appears that a cause of action could be stated. (Code Civ. Proc., § 472c; *Wennerholm* v. *Stanford Univ. Sch. of Med.,* 20 Cal.2d 713 [128 P.2d 522, 141 A.L.R. 1358]; *Speegle* v. *Board of Fire Underwriters,* 29 Cal.2d 34 [172 P.2d 867].)

It is suggested that an infant of six years or under could not in the nature of things know of his injury or the cause thereof and that the allegation of the plaintiff's lack of knowl-

edge and discovery cannot therefore extend the period of a statute which expressly requires the bringing of the action within six years after the plaintiff's birth. ▆▆ We think it is obvious that the statute casts the burden of bringing suit on the parents of the child as his natural guardians, or on his guardian if he has one. (See *Artukovich* v. *Astendorf*, 21 Cal.2d 329, 335 [131 P.2d 831].) The allegations of lack of knowledge and discovery to toll the statute should therefore refer to the lack of knowledge of, and discovery by, the parents, but this is a matter in which the complaint can be readily cured by an appropriate amendment. (Code Civ. Proc., § 472c, and cases cited *supra*.)

The real weight of respondents' position rests on the rule that where a statute creates a right unknown to the common law and in the same statute fixes a time limit within which an action must be brought, ordinarily the limitation so fixed is construed as a condition on the right itself so that the right is extinguished by the lapse of the time fixed in the statute. Both respondents cite and quote from 34 American Jurisprudence, Limitation of Actions, section 7, pages 16-17, which may be accepted as a fair statement of the rule and its limitations:

"A statute of limitations should be differentiated from conditions which are annexed to a right of action created by statute. A statute which in itself creates a new liability, gives an action to enforce it unknown to the common law, and fixes the time within which that action may be commenced, is not a statute of limitations. It is a statute of creation, and the commencement of the action within the time it fixes is an indispensable condition of the liability and of the action which it permits. The time element is an inherent element of the right so created, and the limitation of the remedy is a limitation of the right. Such a provision will control, no matter in what form the action is brought. The statute is an offer of an action on condition that it be commenced within the specified time. If the offer is not accepted in the only way in which it can be accepted, by a commencement of the action within the specified time, the action and the right of action no longer exist, and the defendant is exempt from liability. Whether an enactment is of this nature, or whether it is a statute of limitations, should be determined from a proper construction of its terms. Generally, the limitation clause is found in the same statute, if not in the same section, as the

one creating the new liability, but the fact that this is the case is material only as bearing on questions of construction; it is merely a ground for saying that the limitation goes to the right created, and accompanies the obligation everywhere. The same conclusion may be reached if the limitation is in a different statute, provided it is directed to the newly created liability so specifically as to warrant saying that it qualifies the right.''

With few exceptions the courts of this country, when they have held such a time limit to be a condition on the right itself and not a mere statute of limitations affecting the remedy only, have held that no circumstances, whatever the hardship of the particular case, could operate to extend the period within which such an action could be brought. (See the cases collected in 67 A.L.R. 1070.) Latterly a tendency to relax this harsh rule at least in certain cases has become apparent. Our own supreme court in *Estate of Caravas*, 40 Cal.2d 33 [250 P.2d 593] held that the fact that an alien was denied access to our courts by the existence of a state of war extended the time within which he could sue to recover the property of a decedent after it had been distributed to the State Treasurer. The attorney general argued (p. 41) ''that section 1026 is a substantive statute of limitation and that at the expiration of five years the nonresident alien not only lost his remedy . . . but that in addition the right itself was extinguished under section 1026.'' The court commented (p. 42): ''Clearly, whether a particular statute of limitation is viewed as substantive or procedural, the consequences of a failure to commence legal proceedings within the specified time are the same insofar as the claimant is concerned and, accordingly, the same considerations that lead to the conclusion that a procedural statute is tolled by the fact that the claimant is denied access to the courts similarly lead to the conclusion that the time specified in a substantive statute of limitation must likewise be extended.''

We are moved to remark that as a practical matter access to the courts is no more open to one who cannot in the exercise of reasonable diligence discover that a cause of action exists than it is to one who knows of his cause of action but cannot commence it in the courts because of the existence of a state of war.

In the Caravas case the court cited and relied upon *Scarborough* v. *Atlantic Coast Line R. Co.*, 178 F.2d 253, certiorari denied, 339 U.S. 919 [70 S.Ct. 621, 94 L.Ed. 1343]. In

that case the circuit court was met with the objection that the time fixed for commencing an action under the Federal Employers Liability Act was a condition of the right and could not be extended. (See 35 Am.Jur., Master and Servant, § 469, p. 885.) That court held that the representations of a claims agent that plaintiff's minority would extend the time to sue operated to extend the statute nonetheless. The court based its decision in the particular case on the ground that the representations relied upon were fraudulently made (pp. 258-259). The court said at page 259: "Each type of statute, after all, still falls into the category of a statute of limitations. And this is none the less true even though we call a remedial statute a pure statute of limitations and then designate the substantive type as a condition of the very right of recovery. There is no inherent magic in these words."

The court in this decision assumed that the representations were fraudulently made, but in two subsequent appeals in the same case (190 F.2d 935; 202 F.2d 84) the court made it clear that actual fraud in the representation made was not necessary. In *Scarborough* v. *Atlantic Coast Line R. Co.*, 202 F.2d 84 the court reversed because of the jury's belief, not cleared up by the trial judge, that actual fraud must be proved to toll the statute. The court on page 86 after quoting from its previous opinion in 190 F.2d stated clearly that the case should go to the jury solely on the questions: was the erroneous statement made and did defendant rely on it. The court said: "There is no occasion to use the word 'fraud' in this instruction."

These cases show a judicial trend, joined in by our own Supreme Court in the Caravas case, to ameliorate the harshness of the rule that under no circumstances can the time limited for bringing suit be extended where the time limitation is construed as a condition of the remedy created. They indicate a tendency to hold that where actual or practical access to the courts is prevented the distinction between so-called substantive and procedural statutes of limitations may be disregarded. The inability in the exercise of reasonable diligence to be able to discover the existence of the cause of action might be said to bar access to the courts as effectually as the representations relied upon in the Scarborough case.

■ The facts of this case do not require us to rely upon this theory, however, because as we construe section 29, Civil Code, it is not a condition of the right, but rather a special

statute of limitations on the remedy. The following appears in the quotation from 34 American Jurisprudence, page 17, above set out: "Whether an enactment is of this nature, or whether it is a statute of limitations, should be determined from a proper construction of its terms. Generally, the limitation clause is found in the same statute, but the fact that this is the case is material only as bearing on the question of construction . . ." ▆ The fact that the limitation is in the same statute is persuasive of the fact that it is intended as a condition of the right created, but it is not conclusive. The particular language used may still demonstrate that it is intended by the legislature as a procedural statute of limitations only. See, for example, *Rosenzweig* v. *Heller*, 302 Pa. 279 [153 A. 346], where the limitation in the wrongful death statute of Pennsylvania was construed as procedural and not substantive, the court saying at page 348: "The very language of the act marks it as a statute of limitation, not as one conditioning the right of action."

▆ In our opinion the same may be said of the limitation added to section 29, Civil Code, in 1941. To requote that limitation: "but any action by or on behalf of a minor for personal injuries sustained prior to or in the course of birth must be brought within six years from the date of birth of the minor, and *the time such minor is under any disability mentioned in section 352 of the Code of Civil Procedure shall not be excluded in computing the time limited for the commencement of the action.*" (Emphasis ours.)

The emphasized provision is unnecessary and superfluous if the Legislature intended the limitation as a condition of the right. It is only meaningful if the Legislature intended the limitation as a procedural one which would be subject to all of the conditions which would operate to extend the time of suit unless those conditions, or some of them, were specially excluded. The applicable rule of statutory construction is thus stated in *San Francisco* v. *Pacific Tel. & Tel. Co.*, 166 Cal. 244, 251 [135 P. 971] : "The fact, however, that it was thought necessary to embody a proviso saving such payments from the effect of preceding language affords persuasive indication that, in the view of the framers of the amendment, such language, by itself, would have covered the excepted payments. This is the well-settled rule for construing provisos and exceptions. 'Where there is a prohibition, grant or regulation in general words, and a saving of particular things, there is a strong implication that what is excepted would have

been within the purview if it had not been excepted; and thus the purview may be made more comprehensive than it would otherwise have been.' (2 Lewis's Sutherland Statutory Construction, § 351; *Wayman* v. *Southard,* 10 Wheat. (U.S.) 30 [6 L.Ed. 253]; *Thaw* v. *Ritchie,* 136 U.S. 519, 541, 542 [34 L.Ed. 531, 10 S.Ct. 1037].) By specially excepting payments in the nature of licenses from the effect of the amendment, the framers evidenced their intention to put licenses other than those covered by the proviso within the operation of the language preceding the proviso.''

There is another rule of statutory construction which leads equally to the same conclusion. ''If a statute specifies one exception to a general rule . . . other exceptions . . . are excluded.'' (23 Cal.Jur., Statutes, § 118, p. 741; *Collins* v. *City & County of San Francisco,* 112 Cal.App.2d 719, 731 [247 P.2d 362]; *Sterling Drug, Inc.* v. *Benatar,* 99 Cal.App. 2d 393, 397-398 [221 P.2d 965]; *Rothschild* v. *Superior Court,* 109 Cal.App. 345, 348 [293 P. 106].) Having expressly provided that the disabilities mentioned in Code of Civil Procedure, section 352, i.e., infancy, insanity etc., shall not extend the statute the Legislature under this rule, as plainly indicated that other recognized legal grounds for extending the statute should be operative.

We conclude that the time limitation contained in section 29 was intended by the Legislature as a procedural statute of limitations subject to being extended by any legal ground not specifically excluded in the section itself.

Judgment reversed with directions to permit plaintiff to further amend his complaint as he may be advised.

Nourse, P. J., concurred.

The petitions of Samuel Stevenson and Franklin Benevolent Society for a hearing by the Supreme Court were denied July 14, 1954. Schauer, J., was of the opinion that the petitions should be granted.