[Civ. No. 16161.    First Dist., Div. Two.    July 26, 1955.]

F. V. TREMBLEY, Respondent, v. NICHOLAS RAYMOND BENEDETTI, Appellant; LOYD W. CARTER, as Receiver etc., Intervener.

Brown & Smith and Jacqueline Taber for Appellant.

Edwards & Friborg for Respondent.

DOOLING, J.—Defendant Benedetti appeals from a judgment in favor of plaintiff in an action for a partnership accounting. He presents his appeal on a condensed statement of only a portion of the oral proceedings. (Rules 7(a) and 7(b), Rules on Appeal.) Pursuant to rule 7(a) he stated six points to be raised by him on appeal. The first four points, while stated in different forms, are all directed to the single claim that the finding that the written partnership agreement signed by the parties on March 17, 1947, was a valid and subsisting one is not supported by the evidence.

The court found that on or about March 17, 1947, the parties entered into a written partnership agreement to do business under the firm name of Pan Pacific Trading Company; that this agreement was executed by appellant Benedetti in consideration of the withdrawal of plaintiff's husband from an existing partnership of the same name between Benedetti and the husband and the forbearance of the husband to demand an accounting thereof. It was further found that this partnership agreement is valid and subsisting.

The court took an accounting and gave judgment for the balance found to be due and owing from the defendant to the plaintiff.

Appellant's claim that the evidence does not support the finding that this written partnership agreement is valid and subsisting is based primarily on the following facts: Four separate actions against appellant were consolidated for trial. In the complaint upon which judgment was entered for respondent she pleaded and relied upon the written contract of partnership of March 17, 1947. In two of the other actions her husband was joined as plaintiff and in each of them it was alleged that in January, 1948, the defendant entered into an oral agreement of partnership with plaintiffs, husband and wife. In the fourth action respondent herein was the sole plaintiff and counted on a special agreement with appellant and one Beatty whereby she alleged that she was entitled to one-fourth of the profits from the sale of a single lot of steel. The court entered judgment for defendant and appellant in these other three actions.

Upon the trial of the consolidated actions respondent herein and her husband both testified that after the execution of the written agreement of partnership in March of 1947 respondent became ill and for a time was unable to participate actively in the partnership business, and that in May of 1947 it was orally agreed with appellant Benedetti that respondent's husband and appellant should resume their former partnership; they further testified that in January, 1948, it was orally agreed among the three of them that respondent and her husband should both become members of the partnership, appellant Benedetti to have one-half of the profits and respondent and her husband to have one-fourth each. There was also testimony in support of the last action mentioned above which dealt with the single sale of one lot of steel. Appellant flatly contradicted this testimony. He testified that he did not enter into any partnership with either respondent or her husband at any time during 1947 or 1948.

Primarily it is appellant's position that the allegations of the other three complaints, and particularly the testimony given by respondent and corroborated by her husband in support of the allegations thereof, are quasi-judicial admissions binding on the respondents; and that, being inconsistent with the continuance of the partnership formed by the written agreement of March, 1947, the finding of the court that that partnership is valid and subsisting cannot stand.

The doctrine of quasi-judicial admissions in the jurisdictions where it has been adopted is stated in a note in 169 American Law Reports, pages 800-801, in the following language: "If a party testifies deliberately to a concrete fact, not as a matter of opinion, estimate, appearance, inference, or uncertain memory, but as a considered circumstance of the case, his adversary is entitled to hold him to it as an informal judicial admission."

Professor Wigmore in his work on Evidence, 3d edition, volume IX, section 259a, page 597, after discussing the principle accepted by some courts in recent years of treating the testimony of a party unfavorable to his own cause as a conclusive judicial admission, expresses the following conclusion on page 601: "The truth of the case depends on a comparison of what all the witnesses say and all the circumstances indicate. A rule which binds a party to a particular statement uttered on the stand becomes an artificial rule. It is out of place in dealing with testimony. Let the judge test each case by itself."

Except for a dictum in the case of *Trombley* v. *Kolts,* 29 Cal.App.2d 699 [85 P.2d 541], no California case has been cited to us, which expresses the rule of the binding effect of a party's own testimony adverse to his own case. The court in that case did say at page 706: "It is undoubtedly true that while a party is at liberty to show by one witness what is opposed to the testimony given by another, this will not permit such party for his own advantage to say that the testimony given by himself shall be treated as false and that of an opposing witness as true." This was a dictum because the court in that case was not called upon to apply the rule so announced, since it found the testimony of the party not destructive of his cause of action. The court in that case cited *Edgecomb* v. *Callahan,* 132 Cal.App. 248 [22 P.2d 521]. In the Edgecomb case after proving a contract by which he would only be entitled to a commission if a lease was signed the plaintiff testified that no such lease had been signed. The court stopped the trial and gave judgment for defendant. The rule of quasi-judicial admissions was not discussed and it does not appear that plaintiff offered to prove or could have proved by any other witness that a lease was in fact signed. In two recent cases where the rule of quasi-judicial admission by the testimony of a party was invoked the courts quoted with approval the language of Wigmore which we have set out above. (*Richey* v. *Pedersen,* 100 Cal.App.2d 512, 519 [224 P.2d 100]; *Weingetz* v. *Cheverton,* 102 Cal. App.2d 67, 78 [226 P.2d 742]. Cf. *Frost* v. *Los Angeles Ry. Co.,* 165 Cal. 365 [132 P. 442].)

We do not find it necessary in this case to decide whether the rule treating a party's own deliberate and considered testimony as to concrete facts adverse to his cause as a judicial admission which he is not at liberty to contradict should be adopted by the courts of this state. In this case if the testimony had the effect of a judicial admission the appellant himself refused to treat it as such. Quite to the contrary he disputed its truth by flatly contradicting it as a witness on his own behalf. Not only this but by his contradictory testimony he succeeded in defeating the other causes of action since it is clear that if the trial court had believed the testimony of the respondent and her husband they would have been entitled to a judgment and accounting based on the partnership which they testified was orally formed by the three of them in 1948; and the bulk of the recovery in the judgment appealed from was based on the sale of the single lot of steel after that date.

The logical absurdity which appellant asks this court to accept in this case is obvious: Despite the fact that the court has found the facts one way in the other cases, because he successfully contradicted respondent's testimony he insists that in this case the court was compelled to make an exactly contrary finding on the same evidence, because it must accept respondent's testimony as true. We are satisfied that this cannot be the law. ■ If a party's testimony is to be treated as a judicial admission it must be accepted as true by his adversary. If his adversary elects to contradict it by testimony of his own he cannot at the same time insist that his opponent is bound by it.

■ The court had before it the written agreement of partnership. The evidence showed that respondent after her illness returned to the office where the business was conducted. Letters written in the partnership name were signed by respondent, she paid from her own funds some of the salary of an employee. The court was entitled, in the words of Professor Wigmore, quoted above, to arrive at the truth of the case from "a comparison of what all the witnesses say and all the circumstances indicate." The court, in view of the conflict in the testimony, could well find that the burden of proof of the alleged subsequent oral agreements was not sustained, but the fact of the execution of the written contract of partnership bearing the signatures of the parties could not be successfully contradicted. We cannot say on the whole case that the evidence, direct and circumstantial, does not support the findings of the court.

The other points made by appellant are:

1. Error in law in the court's refusal to allow Pan Pacific Trading Company debts incurred prior to March 17, 1947, and paid thereafter in rendering the accounting.

2. Error in law in the court's refusal to allow in rendering the accounting Pan Pacific Trading Company debts listed in Appellant N. R. Benedetti's Bankruptcy Schedules.

The settled statement contains the following recital as to these two items:

"The Court in taking the accounting disallowed all debts incurred by Pan Pacific Trading Company prior to March 17th, 1947 but paid after that date, *in the absence of sufficient evidence to support such claimed offsets. For the same reasons* the Court further disallowed all Pan Pacific Trading Company debts listed in Appellant Benedetti's bankruptcy schedules . . ." (Emphasis ours.)

Appellant says in his closing brief: "The books of the company were produced and the excluded debts were proved in exactly the same manner as the debts which were allowed by the entries in the books. The contention that the evidence was not sufficient to support them is untenable."

The weight and effect of the evidence is for the trial court. The settled statement does not contain the foundation evidence with regard to these books of account. It does contain the following significant statement:

"Mrs. Trembley testified that there were two steel filing cabinets of three drawers each which were full of letters, records and correspondence and that many of said records for 1946 and 1947 were missing. Appellant did not deny this testimony."

It is incumbent upon appellant to present a record which affirmatively shows that the trial court committed error. (*Vaughn* v. *Jonas*, 31 Cal.2d 586, 601 [191 P.2d 432]; *Morris* v. *Harris*, 118 Cal.App.2d 104 [257 P.2d 93].) With evidence before the court that many of the records of the business for 1946 and 1947 were missing we cannot say that the record on appeal before us affirmatively shows that the trial judge erred in her determination that the evidence before her was not sufficient to support these claimed offsets.

Judgment affirmed.

Nourse, P. J., and Kaufman, J., concurred.