[Civ. No. 12879.   Second Appellate District, Division Two.—March 19, 1941.]

FRANK PETRUCCI et al., Appellants, v. HARRY H. HEIDENREICH, Respondent.

Walley & Davis, J. J. Walley and Milton Davis for Appellants.

W. I. Gilbert and W. I. Gilbert, Jr., for Respondent.

McCOMB, J.—From a judgment, in favor of defendant after trial before the court without a jury, predicated upon the sustaining of an objection by defendant to the introduction of any evidence on the ground that the complaint showed on its face that plaintiffs' cause of action was barred by the statute of limitations (subd. 3, sec. 340, Code Civ. Proc.), in an action to recover damages for malpractice, plaintiffs appeal.

It is alleged in the complaint filed October 20, 1939, that on or about July 25, 1937, defendant, a physician and surgeon, performed a cervical cauterization of plaintiff Flora Petrucci's uterus and that from said date until on or about

April 1, 1939, defendant continued to treat said plaintiff in connection with the cauterization. It is also alleged that the cauterization was carelessly and negligently performed in that defendant over-cauterized the cervical tissues of the uterus and cauterized the entire uterine canal of said plaintiff, as a result of which an obstruction developed in her uterine canal.

In addition to the usual statement of damages, the complaint alleged:

"That from the date of said cauterization and up to the early part of April, 1939, plaintiff, Flora Petrucci, was under the exclusive care of defendant, and plaintiffs relied solely upon defendant for information regarding plaintiff Flora Petrucci's physical condition and her failure to regain her health, and plaintiffs had no knowledge of the cause of plaintiff Flora Petrucci's failure to regain her health from the date of the said cauterization and during the time said plaintiff was under the care and counsel of defendant."

Plaintiffs rely for reversal of the judgment on this proposition:

*In an action to recover damages for malpractice due to the negligent performance of an operation by a physician and surgeon, where the physician and surgeon continues to treat the patient subsequent to the operation, the statute of limitations commences to run from the date the patient discovers or from the use of reasonable diligence should have discovered that the operation had been negligently performed, and the statute of limitations does not commence to run from the date of the operation.*

This proposition is tenable. It is the general rule that in tort actions the statute of limitations commences to run from the date of the act causing the injury (*Wetzel* v. *Pius,* 78 Cal. App. 104, 107 [248 Pac. 288]). There is a recognized exception to this rule in California in malpractice cases, which is: That, if a physician and surgeon performs an operation in a negligent manner and continues thereafter to treat the patient, the statute of limitations does not commence to run during the continuance of the relationship of physician and patient, unless the patient has discovered the injury or through the use of reasonable diligence should have discovered it (*Huysman* v. *Kirsch,* 6 Cal. (2d) 302, 312 [57 Pac. (2d) 908]; *Trombley* v. *Kolts,* 29 Cal. App. (2d) 699, 707 [85 Pac. (2d) 541]).

One of the reasons for the foregoing rule is aptly stated in *Huysman* v. *Kirsch, supra,* where at page 309 Mr. Justice Curtis quotes from *Gillette* v. *Tucker* (67 Ohio St. 106 [65 N. E. 865, 871, 93 Am. St. Rep. 639]), thus:

" ' . . . It would be trifling with the law and the courts to exact compliance with such a rule, in order to have a standing in court for the vindication of her rights. It would impose upon her an improper burden to hold, that in order to prevent the statute from running against her right of action, she must sue while she was following the advice of the surgeon and upon which she all the time relied'."

Since the complaint in the instant case was filed within a year after plaintiff Flora Petrucci had discovered the injury and within a year after the relationship of physician and patient had terminated, the complaint on its face was not barred by the statute of limitations and the objection to the introduction of evidence on this ground should have been overruled.

For the foregoing reasons the judgment is reversed.

Moore, P. J., and Wood, J., concurred.

A petition for a rehearing was denied April 10, 1941, and respondent's petition for a hearing by the Supreme Court was denied May 15, 1941.