[Civ. No. 13122.   Second Dist., Div. Two.   Apr. 6, 1942.]

JOHN H. EHLEN et al., Appellants, v. MONTROSE T. BURROWS, Respondent.

Waldo & Waldo for Appellants.

Crawford & Browne and Harry J. Crawford for Respondent.

STEPHENS (Jess E.), J. pro tem.—Plaintiff and her husband brought this action against defendant, a physician and surgeon, seeking damages for alleged malpractice. Defendant filed both a general and special demurrer, and as one of the causes of demurrer interposed the plea of the statute of limitations (Code Civ. Proc., sec. 340, subd. 3). The trial court sustained the demurrer without leave to amend, and from the judgment subsequently entered plaintiffs appeal. The minute order does not indicate the ground upon which the demurrer was sustained, but it appears from the briefs that it was based upon the plea of the statute of limitations.

According to the allegations of the complaint, Mrs. Ehlen, herein referred to as plaintiff, was suffering from a fever and consulted defendant to discover the cause thereof and to be treated for its cure; defendant diagnosed the trouble as being caused by four teeth which contained extensive fillings, although the latter had caused plaintiff no pain; that upon defendant's advice plaintiff consented to the removal of these teeth, and while she was under the general anaesthetic he not only removed them by opening the gums from the side

but also removed three other sound teeth, without the consent of plaintiff or her husband and without any necessity therefor in order to save her life or to meet an extreme emergency; that subsequently, although the fever continued, plaintiff with defendant's consent traveled to Orange County where she remained with relatives, and while there consulted with a local physician and surgeon who diagnosed her illness as undulent fever and sent her to a hospital for treatment therefor and also operated for the removal of her appendix; that thereafter plaintiff discovered pus seeping from her gums, and upon consulting a dentist the latter caused x-ray pictures to be taken, from which it appeared that two broken roots had been left in the jaw at the place where defendant had removed some of her teeth, and that later, as soon as it could be done safely, the dentist operated and removed the roots, which had decayed and caused ulceration and decay of the jaw-bone. All of these matters are set forth in one statement of a cause of action, and damages both general and special are alleged, both to plaintiff and to her husband, who is joined as plaintiff.

The various dates involved, so far as they appear from the complaint, are as follows: Plaintiff first consulted defendant on June 30, 1939; plaintiff left for Orange County on August 2, 1939, and did not consult defendant thereafter; the date of the operation by defendant does not appear, but it was of course prior to the latter date; the date upon which the Orange County physician diagnosed the illness as undulent fever was August 12, 1939; plaintiff discovered the pus seeping through her gums "during the month of January, 1940," and thereupon consulted a dentist, who had x-ray pictures taken "and diagnosed therefrom" the presence of the broken roots, and operated to remove them on February 21, 1940. The complaint, which was filed January 18, 1941, does not allege the date upon which discovery of the broken roots was made.

From an analysis of the complaint it appears that plaintiffs are relying upon four distinct causes of action, all set forth in one count, as the basis for the damages sought. These causes are as follows:

(1) For negligent and unskillful diagnosis and treatment, in that defendant failed to properly diagnose the illness as undulent fever, thereby allowing the disease to make inroads upon plaintiff's system during all of the time of de-

fendant's treatment and until later properly diagnosed and treated by another.

(2) For removing any of plaintiff's teeth, which was entirely unnecessary and resulted from an erroneous diagnosis.

(3) For removing the three sound teeth without plaintiff's consent and without immediate necessity in the nature of an emergency.

(4) For negligence and lack of skill in the operation of removing plaintiff's teeth, in that defendant left pieces of root in the jaw and gums and sewed up the latter without removing all of such roots.

■ The complaint is clearly vulnerable to the special demurrer interposed, to the effect that the several causes of action are not separately stated, and it was proper for the trial court to sustain the demurrer upon this ground. It would, however, be unreasonable to refuse to allow an amendment if this were the only ground of demurrer. ■ The propriety of the action of the trial court in not permitting an amendment is properly before this court on appeal, it appearing on the face of the record that the objection can be cured by amendment. (Code Civ. Proc., sec. 472c.)

■ It is the general rule that an action by a patient against a physician and surgeon for injuries sustained by the former by reason of negligent or unskillful treatment by the latter is an action sounding in tort and not upon a contract. Such an action is therefore barred by the provisions of subdivision 3 of section 340 of the Code of Civil Procedure one year after the date of the injury. However, there are certained recognized exceptions to this rule in California. (*Huysman* v. *Kirsch,* 6 Cal. (2d) 302 [57 P. (2d) 908]; *Trombley* v. *Kolts,* 29 Cal. App. (2d) 699 [85 P. (2d) 541]; *Petrucci* v. *Heidenreich,* 43 Cal. App. (2d) 561 [111 P. (2d) 421].) One exception recognized by all three of these decisions is stated in the last cited case as follows: ''That, if a physician and surgeon performs an operation in a negligent manner and continues thereafter to treat the patient, the statute of limitations does not commence to run during the continuance of the relationship of physician and patient, unless the patient has discovered the injury or through the use of reasonable diligence should have discovered it.''

In *Trombley* v. *Kolts, supra,* which involved negligence upon the part of a surgeon in sewing up a wound and leaving a foreign object, viz., a skin clip, in the body, an additional

exception is stated as follows: "Certainly the statute of limitations should not run against appellant's rights during the time she was in ignorance of the cause of her disability, and could not with reasonable care and diligence ascertain such cause...."

In *Huysman* v. *Kirsch, supra,* the Supreme Court reviews a large number of cases, including cases arising under the Compensation Act, and states: "The principle running through all these authorities, and approved by our decision, was that the statute of limitations should not run against an injured employee's right to compensation during the time said person was in ignorance of the cause of his disability and could not with reasonable care and diligence ascertain such cause. If we apply this principle to the facts in the present action, the same results will follow as the appellants in this action had no knowledge of the presence of the drainage tube in the body of Mrs. Huysman until it was removed therefrom by the respondent on September 26, 1932."

Although it is true that under the facts in all three of these recent cases the first exception was sufficient to eliminate the statute of limitations, the second exception must also be considered as established in this state in cases where a foreign object has been left in the patient's body by a surgeon performing an operation.

Applying these principles to the case under consideration, it appears that as to causes of action numbers (1) and (2), as set forth in the analysis hereinabove made, the statute began to run when plaintiff ceased to be a patient of defendant, and that such actions were therefore barred when the complaint was filed. As to cause number (3), the removal of the three sound teeth without consent, this has been held to constitute an assault. (*Valdez* v. *Percy,* 35 Cal. App. (2d) 485 [96 P. (2d) 142].) However, it falls under the same section governing the limitation of actions; and in any event, the fact of the removal of these extra teeth must necessarily have been obvious to the plaintiff shortly after coming out from the influence of the anæsthetic. Therefore, this cause of action was also barred.

As to cause of action number (4), there does not appear to be any difference in principle between leaving in the patient's body pieces of broken roots of teeth which the surgeon had undertaken to remove and a sponge or drainage tube

which had served its purpose and should have been removed. As it does not appear on the face of the complaint that plaintiff discovered, or by the use of reasonable diligence should have discovered, the presence of the broken roots at a date more than one year prior to the filing of the complaint, the plea of the statute is not available to defendant by demurrer.

The judgment of the trial court is therefore affirmed as to causes of action hereinabove referred to as numbers (1), (2) and (3); and as to cause of action herein referred to as number (4), the judgment is reversed and the case is remanded with instructions to permit an amendment to the complaint, if plaintiffs are so advised, so as to cover only this last mentioned cause of action. Neither party to recover costs on appeal.

Moore, P. J., and McComb, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied June 1, 1942.