**STATE OF MARYLAND, to Use of BURK-HARDT, v. UNITED STATES.**

**Civ. A. No. 3313.**

District Court, D. Maryland.

March 31, 1947.

Henry & Henry, of Easton, Md., for plaintiff.

Bernard J. Flynn, U. S. Atty., and James B. Murphy, Asst. U. S. Atty., both of Baltimore, Md., for defendant.

CHESNUT, District Judge.

This is a suit under the recent Act of Congress known as the Federal Tort Claims Act, 28 U.S.C.A. § 921 et seq., Aug. 2, 1946, c. 753, title 4, § 401 et seq., 60 Stat. 843.

Section 931 prescribes the jurisdiction of this court to adjudicate "any claim against the United States, for money only, accruing on and after January 1, 1945, on account of damage to or loss of property or on account of personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant for such damage, loss, injury, or death in accordance with the law of the place where the act or omission occurred. Subject to the provisions of this chapter, the United States shall be liable in respect to such claims to the same claimants, in the same manner, *and to the same extent as a private individual under like circumstances,* except that the United States shall not be liable for interest prior to judgment, or for punitive damages. Costs shall be allowed in all courts to the successful claimant to the same extent as if the United States were a private litigant, except that such costs shall not include attorneys' fees." Italics supplied.

The instant suit is brought in the name of the State of Maryland, to the use of Margaret Alice Burkhardt, the widow of George N. F. Burkhardt, who was killed on September 2, 1945, while riding as a passenger in an automobile on a Maryland highway, Route No. 213, known as the Easton-Wye Mills Road, as the result of a collision between .that automobile and a United States Army Truck driven by an employe of the United States allegedly acting within the scope of his employment, and in a negligent manner. This suit was not filed until December 5, 1946, more than one year after the death of the decedent.

■ The first defense set up in the answer of the United States is that this suit may not be maintained because it was not filed within one year after the death of the decedent. The applicable Maryland stat-

ute, Art. 67, § 3 of the Maryland Code of 1939, Lord Campbell's Act, provides "that every such action shall be commenced within twelve calender months after the death of the deceased person". In State of Maryland, to Use of Stasciewicz v. Parks, 148 Md. 477, 129 A. 793, 795, it was held by the Maryland Court of Appeals that the twelve month period in this statute is a condition precedent to the right to maintain the action, and not a mere limitation of the remedy. "The statute gives a new cause of action, 'provided' the action is commenced within 12 months." See also Swanson v. Atlantic, G. & P. Co., D.C. N.Y., 156 F. 977.

Although the amended complaint in the instant case does not state the date of death of the decedent, it is supplied by the defendant's answer, and at the hearing it was agreed by plaintiff's counsel that the date so supplied was correct and that the amended complaint should be further amended to state the date of death of the decedent as September 2, 1945. And it was further agreed that the defendant's answer should be taken as a motion to dismiss (equivalent to a demurrer to the complaint).

 After hearing counsel and consideration of the point raised, I have concluded that the complaint must be dismissed. It is, of course, clear that the United States has a sovereign immunity against suits of this character except on the terms and under the conditions and limitations provided in the Act waiving the immunity. It is a familiar rule of statutory construction with regard to such a subject matter that the Act of Congress granting the jurisdiction must be strictly construed. United States v. Shaw, 309 U.S. 495, 502, 60 S.Ct. 659, 84 L.Ed. 888; United States v. Michel, 282 U.S. 656, 51 S.Ct. 284, 75 L.Ed. 598. For this case it is important to note that the United States accepted liability for claims only to the extent that a private individual would have such liability under like circumstances "in accordance with the law of the place where the act or omission occurred". The question, therefore, seems to be simply this. If the defendant in this case were a private individual, could the plaintiff recover under the Maryland statute? And the answer is equally clear under the statute and the Maryland decisions that the plaintiff could not so recover in this case.

Counsel for the plaintiff submits an interesting and seemingly plausible, although I think unsound, argument to the contrary based on section 942 of title 28. That is the section which specifically deals with the period of limitations for suits under the Tort Claims Act. It reads: "Every claim against the United States cognizable under this chapter shall be forever barred, unless within one year after such claim accrued or within one year after August 2, 1946, whichever is later, * * * an action is begun pursuant to subchapter 2 of this chapter."

The argument submitted runs as follows. The Federal Tort Claims Act creates a new cause of action in all cases where the law of the State where the damage occurred gives such right of action. The substantive right must be distinguished from the period of time or limitation within which the right can be enforced. This latter time is fixed only by section 942 of title 28 which therefore permits this suit to be maintained, as it was instituted prior to August 2, 1947. But as previously indicated, this argument overlooks the fact that the Maryland statute as construed by the Maryland Court of Appeals makes the one year period for a suit a condition precedent to the purely statutory liability therein set up; and that the one year period is not to be considered as an ordinary statute of limitations. Or, in other words, as the action was not brought within one year from the decedent's death, there was no cause of action created by the Maryland statute in existence at the time the instant suit was brought on December 5, 1946, which was more than one year after the decedent's death. Still otherwise stated, the limitation period in section 942 of title 28 is not applicable or here controlling, not because this suit was not instituted prior to the period provided in section 942, but because the suit intrinsically does not present a cause of action which could be maintained under the

Maryland statute; and by section 931 the United States is to be liable only if the local law did provide such a cause of action against a private person under like circumstances.

A subordinate contention made by counsel for the plaintiff is based on section 131 of the recent Act of Congress known as the Legislative Reorganization Act of 1946, of which the Federal Tort Claims Act constitutes Part IV. Section 131 provides, "No private bill or resolution (including so-called omnibus claims or pension bills), and no amendment to any bill or resolution, authorizing or directing (1) the payment of money for property damages, for personal injuries or death *for which suit may be instituted under the Federal Tort Claims Act,* or for a pension (other than to carry out a provision of law or treaty stipulation); (2) the construction of a bridge across a navigable stream; or (3) the correction of a military or naval record, shall be received or considered in either the Senate of the House of Representatives". Italics supplied.

In this connection it may also be noted that the Senate and House Committee Reports (Senate Report No. 1400, 79th Cong, 2d Sess.) indicate that one incidental advantage to be derived from the Federal Tort Claims Act will be to substitute adjudication under it for many private bills for compensation customarily introduced into Congress. And to that end section 131 provided that private bills for compensation should not be received or considered by Congress if they were within the scope of the Federal Tort Claims Act. As already noted, claims accruing before January 1, 1945, are excluded from the Act. In the instant case the cause of action, if any, accrued after January 1, 1945.

The plaintiff's argument here is that, as the Federal Tort Claims Act was intended to be a substitute for private bills and a private bill for relief is excluded by section 131, the plaintiff has no relief at all unless under the Federal Tort Claims Act. From this premise the conclusion is sought to be deduced that under title 28, section 942

(limitations) any cause of action otherwise cognizable under the Tort Claims Act can be sued on at any time before August 2, 1947, or within one year after the accrual of the right of action, whichever is later. Or, in other words, section 942 is the only applicable statute of limitations for suits under the Federal Tort Claims Act and State statutes of limitation, if any, are inapplicable. But, as already indicated, I think this argument cannot prevail in the instant case because the one year period for bringing suit under the Maryland statute is not regarded as a period of limitation but as an essential feature of the cause of action itself.

Moreover, it is by no means clear that all claims which might have been timely presented by suit under the Tort Claims Act are absolutely barred from consideration by Congress as private bills under section 131. Section 123 of the Legislative Reorganization Act provides as follows:

"Sec. 123. Paragraph 3 of Rule XXI of the Standing Rules of the House of Representatives is amended to read as follows:

" '3. No bill for the payment or adjudication of any private claim against the Government shall be referred, except by unanimous consent, to any other than the following committees, namely: To the Committee on Foreign Affairs and to the Committee on the Judiciary.' "

See also discussion of this point by Irvin T. Gottlieb in the Georgetown Law Journal, Vol. XXXV, No. 1, pp. 5, 6, 7, 39 and 40. But however this may be, the question here is not whether Congress may entertain a private bill for compensation to the plaintiff in this case (counsel for the plaintiff has stated that such a bill was pending when the Tort Claims Act was passed), but whether the claim as now presented in this court action falls within the category of liability assumed by the United States in the Tort Claims Act.

It appears that the instant case is the first suit under the Tort Claims Act to present the precise question here involved. But in Mejia v. United States, 5 Cir., 152 F.2d 686, a very analogous point was adjudged similarly to the conclusion herein

reached, in a case brought under the Suits in Admiralty Act (providing for a two-year period of limitations) based on a Louisiana statute in nature similar to Lord Campbell's Act, which created a right of action for negligent death but which limited its life to the space of one year from the death. In referring to the Louisiana statute the court said, 152 F.2d at page 688: "Under said Article a proceeding in admiralty would lie for the death of libelants' children if the Army tug had been privately owned. Consequently, under the Public Vessels Act and the Suits in Admiralty Act appellants were given the right to proceed in personam in admiralty against the United States. Since, however, if privately owned, the cause of action against the Army tug was created by Article 2315 of the Civil Code of Louisiana, as amended, then under the Public Vessels Act and the Suits in Admiralty Act the claim against the Government necessarily was based upon and limited by the codal provision. That Article, as pointed out, while creating a cause of action, gives it a limited life, namely, life for a period of one year; thereafter the cause of action ceases to exist. Appellants brought this suit some sixteen months after the collision resulting in the death of their children. At that time the cause of action in their favor created by Article 2315 had, by the peremption imposed by that Article, ceased to exist. The two-year period fixed in the Suits in Admiralty Act within which suit may be brought against the United States applies only where the cause of action asserted against the United States is in existence at the time the suit is filed; the privilege to sue the United States upon an existing right is limited to a period of two years from the creation of the right; hence, if the local law creating the right gives it a longer existence than two years, suit to assert such right as against the United States under the congressional acts, must be brought within two years. Where, as here, the local law limits the life of the right it creates to one year, the two-year period fixed in the Suits in Admiralty Act is without application."

The plaintiff here attempts to distinguish the Mejia case on the ground that the Suits in Admiralty Act, 46 U.S.C.A. § 742, provides that "In cases where if such vessel were privately owned or operated * * * a proceeding in admiralty could be maintained *at the time of the commencement of the action herein provided for,* a libel in personam may be brought against the United States * * * provided that such vessel is employed as a merchant vessel * * *." Italics supplied.

The above italicized phrase is said to be different from the phrase in the Tort Claims Act, 28 U.S.C.A. § 931, which reads: "the United States shall be liable in respect of such claims to the same claimants, in the same manner, and to the same extent as a private individual under like circumstances." But I am unable to say that there is any substantial difference in legal effect between the wording of the two statutes as applied to the present case.

For these reasons I conclude that the complaint must be dismissed with costs. Counsel may present the appropriate order in due course.