## WILTSE v. UNITED STATES.

### No. 2118.

District Court, W. D. Louisiana, Shreveport Division.

Dec. 17, 1947.

Fred Erisman, Ewing Adams and William Hurwitz, all of Longview, Tex., for plaintiff.

Malcolm E. Lafargue, U. S. Atty., of Shreveport, La., for defendant.

DAWKINS, District Judge.

This suit was brought under the Federal Tort Claims Act, Section 410(a), pt. 3, Title IV, Public Law 601, 79th Congress, Title 28 U.S.C.A. § 921 et seq. Plaintiff's claim is for injuries to herself, and for the death of her husband, due to the alleged negligence in the operation of an army truck by an employee of the Government, which collided with the automobile driven by the deceased. It is alleged that the death and injuries occurred on November 3, 1945, and the complaint was filed February 24, 1947, some fifteen months later.

Counsel for the Government has moved to dismiss because the complaint fails to state a claim upon which relief can be granted in that the cause of action under the law of the State "expired one year from the date of the accident," citing Articles 2315, 3536 and 3537 of the Louisiana Civil Code.

### Opinion.

For the first time, by the Act of August 2, 1946, 60 Stat. 844, Congress authorized suits against the Government in ordinary torts limited to claims "for money only, accruing on and after January 1, 1945, on account of damage to or loss of property or on account of personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant for such damage, loss, injury, or death in accordance with the law of the place where the act or omission occurred." 28 U.S.C.A. § 931(a).

The amount so recovered does not bear interest "prior to judgment," and the Government can not be held for punitive damages. Recovery of costs are authorized other than attorneys' fees. Sec. 931(a), Title 28 U.S.C.A.

It is further provided that no suit shall be instituted "unless such Federal agency" to which the claim was required to be presented "has made final disposition," but the claimant can "upon fifteen days' notice given in writing, withdraw the claim from consideration of the Federal Agency."

The demand in the suit can not exceed the amount "of the claim presented" to the Agency "except where the increased amount" is "based upon newly discovered evidence * * *." Sec. 931(b).

The disposition made by the Agency shall not be received in evidence as to liability for the amount due in the trial. Sec. 931(b).

Section 942 provides:

"Every claim against the United States cognizable under this chapter shall be forever barred, unless within one year after such claim accrued or within one year after August 2, 1946, whichever is later, it is presented in writing to the Federal agency out of whose activities it arises, if such claim is for a sum not exceeding $1,000; or unless within one year after such claim accrued or within one year after August 2, 1946, whichever is later, an action is begun pursuant to subchapter II of this chapter. In the event that a claim for a sum not exceeding $1,000 is presented to a Federal agency as aforesaid, the time to institute a suit pursuant to subchapter II of this chapter shall be extended for a period of six months from the date of mailing of notice to the claimant by such Federal agency as to the final disposition of the claim or from the date of withdrawal of the claim from such Federal agency pursuant to section 931 of this title, if it would otherwise expire before the end of such period. Aug. 2, 1946, c. 753, Title IV, § 420, 60 Stat. 845."

Section 921 of the same title authorizes "the head of each Federal agency, or his designee for the purpose" to deal with such claims and amounts which do not exceed $1,000.

■ This statute does not create a cause of action, but waives pro tanto the sovereignty of the United States to permit suits for torts committed by agents and employees of the Government acting within the scope of their authority, or employment, to the same extent, and for the same reasons, which, under the State law, can be asserted against private persons, subject to the limitations above quoted.

Actions in tort for death were unknown to the common law, and if, in any of the States or Territories to which this Act ap-plies there should be no statute creating such a right, the law now under consideration could not apply at all; and it follows that its application is limited to the persons and causes of action which could be asserted in the local courts. This feature may be referred to as the "substantive law" of the case.

■ Now as to the adjective or procedural law, such as prescription or limitations, it is well settled that that which would govern the particular forum in which the suit is brought, controls.

■ Having created the right the lawmakers of the State, of course, could, and did in this instance, limit its existence to one year, which the courts of the State have construed as peremption instead of prescription or limitations. In other words the cause of action itself expires and ceases to exist if not sued upon within the year. However, there seems no reason why Congress could not in passing the present statute on August 2, 1946, make it retroactive to January 1, 1945, as it did, and otherwise, in express language have said that as to claims arising after January 1, 1945, suits thereon could be instituted within one year after the approval of the Act. The language used indicates a clear purpose to provide for the situation arising under the retroactive provision, as well as the future. That is, if the tortious act which caused the injury or death occurred on January 1, 1946, the claimant should not only have one year from that date in which to sue, but a year from August 2, 1946, because it "is later," and thus runs to August 2, 1947, instead of January 1st of the latter year. This would serve to bridge the period of uncertainty otherwise between its effective date of January 1, 1945, and the actual approval of the Act on August 2, 1946. All causes of action accruing after the latter date will prescribe within one year. To hold that the peremption of the State law applies, regardless, would have the effect of saying that had this particular accident happened more than a year prior to August 2, 1946, the date of approval of the present Statute—say July 1st, 1945, instead of November 3rd of that year, this suit could not have been maintained notwith-

standing Congress specifically provided that the remedy should be available to all of those whose claims arose after January 1, 1945. Otherwise, through no fault of the claimant, in such a situation the benefits of the law would have been lost because suit could not be brought until the Act went into effect. In the present case the cause of action had been in existence from November 3, 1945, while the Act was not approved until August 2, 1946; but some three months still remained even under the State law before it was lost. It is my view that plaintiff had until August 2, 1947, in which to sue. The action was filed on February 24, 1947, and therefore was well within the prescribed period.

The motion to dismiss should be overruled.

Proper decree should be presented.