**KOHN v. UNITED STATES et al.**

No. 27195.

District Court, N. D. California, S. D.

Jan. 21, 1948.

Schaldach & Walcom and John J. Healy, all of San Francisco, Cal., for plaintiff.

Keith, Creede & Sedgwick, of San Francisco, Cal., for defendants.

GOODMAN, District Judge.

This action, instituted under the Federal Tort Claims Act, 60 Stat. 843, 28 U.S.C.A. § 921 et. seq., was commenced on May 7, 1947. The injury sued for is alleged to have occurred on November 17, 1945. It therefore appears that plaintiff's claim, having arisen after January 1, 1945, was cognizable under the Federal Tort Claims Act (Sec. 410); and furthermore, that having been commenced within one year from the effective date of the Act (August 2, 1946), the action was filed within the period of limitations prescribed by the Act itself for the commencement of suits thereunder.

Defendant nevertheless moves for leave to amend the answer to here plead the California Statute limiting the commencement of actions for negligent personal injury to one year from date of injury. Cal. Code of Civil Procedure, Sec. 340, Sub. 3. There is no justification for thus applying the local law in disregard of the specific provisions of the Federal Tort Claims Act fixing the time for initiating actions of this nature.

The case of Maryland v. United States, D. C., 70 F.Supp. 982, 983, is not in point. We are not here confronted with an action based upon a right created by state statute which, as part of the right so created, imposes the condition that suit to recover thereon be filed within a specified time. The California Statute of Limitations is not in any sense a part of the substantive common law right to recover for personal injuries caused by negligence. The provision of the Federal Tort Claims Act imposing liability on the United States for injuries occasioned by the negligence of its employees "under circumstances where the United States, if a private person, would be liable * * * in accordance with the law of the place where the act or omission occurred," does not purport to adopt local remedial law in conflict with the provisions of the Act itself. The apparent Congressional reason for enlarging upon the time within which persons injured after January 1, 1945, but prior to the effective date of the Act (August 2, 1946), might institute action against the United States, was that until August 2, 1946, such persons had no enforceable claim against the United States. Therefore, in all fairness to them— and to place them on a parity with persons whose claims arose after August 2, 1946—

they were accorded the full period of one year commencing from the time a recoverable right had first accrued in their favor, within which to institute action.

Defendant's motion to amend answer is denied.