**BALLANCE v. UNITED STATES.**
Civ. A. No. T-120.

United States District Court
D. Kansas.

Nov. 3, 1950.

A. J. Herrod, Kansas City, Kan., for plaintiff.

V. J. Bowersock, Asst. U. S. Atty., Topeka, Kan., for defendant.

MELLOTT, Chief Judge.

The issue before the court, arising on defendant's motion to dismiss, is whether plaintiff's action under the Federal Tort Claims Act[1] is barred by the statute of limitations. The complaint was filed April 25, 1950, in which recovery of $10,000 is sought for personal injury alleged to have been sustained December 15, 1945, under such circumstances as to make the act applicable.

A brief outline of the applicable legislation may point up the question posed. Each act dealing with tort claims against the United States conferred authority upon the heads of the various Federal agencies to settle claims, within the purview of the act, not in excess of $1,000, and authorized United States District Courts to adjudicate others, as well as to pass upon claims presented to the Federal agencies, subject to provisos which need not here be stated. The first act[2] was applicable to claims "accruing on and after January 1, 1945," provided generally for a one-year statute of limitation,[3] became effective August 2, 1946 and provided that suit might be brought "within one year after the date of enactment of [the] Act". Thus, as important here, a suit could have been instituted by this plaintiff under the first act prior to August 2, 1947. Cf. Sweet v. United States, D.C., 71 F.Supp. 863. No such action was brought.

In 1948, as a part of the Act of June 25, Chapter 646, "Title 28, United States Code, Judiciary and Judicial Procedure" was enacted and became effective September 1, 1948. The "Tort Claims Procedure" was revised and outlined generally in § 2671 et seq.[4] Provisos contained in the earlier Federal Tort Claims Act, which were susceptible of being incorporated in general statutes, were so treated. For example, the jurisdiction of the courts over tort claims was incorporated in and became a part of new § 1346 while the time for commencing an action on such claims was included in § 2401, which deals with commencing actions generally against the United States. It is important that the court here advert briefly to the two sections just referred to.

Under § 1346 the district courts were given exclusive jurisdiction "of civil actions on claims against the United States, for money damages, * * * for injury or loss of property, or personal injury or death" caused as stated in the act. This section was amended, in 1949,[5] by the addition of the clause "accruing on and after January 1, 1945" following the words "money damages" in the above quotation, indicating a Congressional intent to give the courts jurisdiction over all claims arising after that date.

What has been said is, of course, not determinative of the issue before the court. Examining now, the other pertinent amendments, it will be noted that § 2401, as brought forward by the 1948 codification,[6] in effect continued the one year statute of limitation contained in the Federal Tort Claims Act.[7] The Act of 1949, however, in addition to amending § 1346 in the particular set out above, made a similar amendment to § 2672 dealing with claims within the jurisdiction of the agency heads and changed the statute of limitation, § 2401, in two respects: (1) It fixed the period within which an action could be instituted at two years, instead of one, after the "claim accrues;" and, (2) it added the clause "or within one year after the date of enactment of this amendatory sentence".

The court is not unmindful of the several rules called to its attention by counsel for the government. It is true statutes

---

1. Ch. 753, August 2, 1946, 60 Stat. 842, as amended Ch. 646, June 25, 1948, 62 Stat. 933, 971, 982, and Ch. 92, April 25, 1949, 63 Stat. 62.

2. Ch. 753, August 2, 1946, 60 Stat. 842.

3. Sec. 420, 60 Stat. 845.

4. Ch. 171, 28 U.S.C.A., 62 Stat. 982.

5. Ch. 92, April 25, 1949, 63 Stat. 62, U.S. Code Cong. Service, Vol. 1, 1949, p. 66.

6. 62 Stat. 971.

7. See footnote 3.

of limitation have been said to "destroy the liability as well as to bar the remedy;" and "revival by statute of a right of action already barred" should not "be deduced from words of doubtful meaning." But the language used by the Congress in the amendments referred to above is plain and unequivocal. It obviously intended to grant a special dispensation to a limited number of "claimants who have been sleeping on their rights," which seems, fortuitously, to have included this plaintiff. This is indicated in the legislative history of the Act of 1949, as shown by the general statement in the House Report, a portion of which is shown in the margin.[8]

The motion to dismiss may not be sustained upon the ground urged. The clerk will, however, duly calendar the motion for hearing upon the other grounds.

8. H.R.No. 276, March 21, 1949, accompanying H.R. 779. U.S.Code Cong. Service, Vol. 2, 81st Cong. 1st Sess. 1949, p. 1227, "Section 420 of the Federal Tort Claims Act provides that cognizable claims against the United States shall be barred unless within 1 year from accrual of the claim, or by August 2, 1947, whichever is later, the claim is filed with an appropriate Federal agency or suit is filed in a Federal court. Since the August 2, 1947, limitation has already expired, we need treat only of the 1-year limitation.

"The reported bill would enlarge the period for filing to 2 years from the date of accrual of the cause of action, or 1 year from the effective date of the amendatory act, whichever occurs later. The bill would, therefore, revive all those otherwise expired claims accruing on or after January 1, 1945, which (1) have not been determined adversely by a Federal agency or a Federal court, or (2) have been rejected by a Federal agency or a Federal court solely because of the statutory bar. It is not possible to estimate the number of claims which would be thus revived, but it is not believed to be large. It is not intended that the bill should revive those causes of action which have already been adversely determined by Federal agencies or courts on grounds other than the running of the statute of limitations. It is felt that those few instances where the bill would favor claimants who have been sleeping on their rights would reach the vanishing point 1 year after enactment of the act. Thereafter the proposed 2-year period would become operative exclusively."