**UNITED STATES v. WESTFALL.**

No. 12966.

United States Court of Appeals, Ninth Circuit.

June 11, 1952.

J. Charles Dennis, U. S. Atty., Vaughn E. Evans, Asst. U. S. Atty., Seattle, Wash., for appellant.

William A. Griffin, Seattle, Wash., J. B. Pennington, Seattle, Wash., for appellee.

Before HEALY, ORR and POPE, Circuit Judges.

HEALY, Circuit Judge.

The United States appeals from a judgment rendered against it in a suit under the Federal Tort Claims Act. Numerous errors are assigned, only a few of which are thought deserving of notice.

1. Plaintiff's injury giving rise to the suit occurred in the State of Washington February 20, 1946. The action was commenced April 21, 1950. It is contended that the cause was barred by the state statute prescribing a three-year limitation in suits for personal injury. The Tort Claims Act, however, prescribes its own limitation. State of Maryland v. United States, 4 Cir., 165 F.2d 869. The Act, as amended April 25, 1949, 28 U.S.C.A. § 2401(b), provides a limit for presentation of two years after the claim accrues or of one year after adoption of the amendatory act, whichever is later. The suit was timely filed.[1]

2. Appellee was injured while traveling aboard a United States army bus. It is claimed that she was a guest passenger within the intendment of the Washington guest statute, Remington's Revised Statutes, § 6360-121. This provides that no person transported by the owner of a motor vehicle as an invited guest or licensee, without payment for the transportation, shall have a cause of action for injuries accidentally suffered while being so transported. The local rule is that gratuitous carriage, only, is contemplated by the statute. Recovery may be had if actual or

---

1. See 1949 U.S.Code Congressional Service, p. 1226.

potential benefit in a material or business sense results or is expected to result to the owner, and if the transportation be motivated by the expectation of such benefit. Scholz v. Leuer, 7 Wash.2d 76, 109 P.2d 294, and cases cited.

The evidence is that appellee was director and a member of a USO troupe which was being transported by army bus from Seattle to Fort Lewis for the purpose of providing entertainment for the soldiers stationed there—an enterprise in which the United States was obviously interested. The entertainment had been arranged for by a representative of the army, and the soldier driving the bus had been directed by his superior officer to bring the troupe to Fort Lewis. The government's argument that appellee went along merely in the capacity of chaperone is without warrant in the record.

3. The court found that the bus was driven at an excessively high rate of speed and that the driver negligently applied the brakes and brought the vehicle to a sudden and violent halt at a stop light in Tacoma, with the result that appellee was thrown with great force from her seat to the floor. It is claimed that the evidence was not of such character as to satisfy the requirements of the Washington decisions pertaining to proof of negligence in the operation of street cars, trolley cars, buses, and the like.[2] We disagree. The finding of negligence does no violence to the local rule pertaining to the quantum of proof in such cases.

4. In respect particularly of the subject of negligence it is complained that the trial court declined to hear argument of counsel, thereby denying the government a full and fair opportunity to present its case. The record shows the contrary. Some oral argument was in fact heard, and both sides were given ample time and opportunity to present their contentions in the form of written briefs. Apparently they did so. If counsel for the United States desired to argue the case further he should have so

advised the court. The record contains no intimation of the making of such a request.

Several additional errors are assigned in the brief, but as already indicated they are not thought of sufficient consequence to warrant attention.

Affirmed.

---

2. For citation and an analysis of the Washington authorities prescribing the nature of the evidence necessary to establish negligence in such operations see Chicago, M., St. P. & P. R. Co. v. Harrington, 9 Cir., 185 F.2d 88, at pages 90–91.