## WHALEN et al. v. UNITED STATES.

### No. 13133.

United States District Court
E. D. Pennsylvania.
July 21, 1952.

Paul S. Herzberg, Philadelphia, Pa., for plaintiffs.

Gerald A. Gleeson, U. S. Atty., Philadelphia, Pa., for defendant.

GANEY, District Judge.

This case concerns itself with an action brought pursuant to the Federal Tort Claims Act.[1]

According to the allegations in the complaint, the minor plaintiff, while he was in the United States Naval Residential Section of the Panama Canal Zone, was injured on or about January 24, 1947, by a truck negligently operated by a Naval personnel acting within the course and scope of his employment. The action was brought on January 3, 1952, a little less than five years after the minor plaintiff sustained his injuries. At the time the action was brought, the minor was eight years of age.

The government has filed a motion to dismiss on the grounds that the action is barred by the two-year statute of limitation set forth in 28 U.S.C.A. § 2401(b), as amended by Act of April 25, 1949, c. 92, Sec. 1, 63 Stat. 62. The pertinent part of this section provides: "(b) A tort claim against the United States shall be forever barred unless action is begun within two years after such claim accrues or within one year after the date of enactment of this amendatory sentence, whichever is later * * *." This subsection, prior to the amendatory act of April 25, 1949, simplified and restated section 420 of the Federal Tort Claims Act, 60 Stat. 845, 28 U.S.C. (1946 Ed.) § 942, without change of substance.[2]

To defeat the government's motion, the minor plaintiff's guardian relies on 28 U.S.C.A. § 2401(a), which states: "(a) Every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues. The action of any person under legal disability or beyond the seas at the time the claim accrues may be commenced within three years after the disability ceases".

The above subsection formerly appeared as part of § 24(20) of the old Judicial Code, as amended, 28 U.S.C. (1940 Ed.) § 41(20).[3] It was part of our law long before the Federal Tort Claims Act came into existence. It was therefore independent of the latter Act. Merely because the subsections now appear under the same heading in the United States Code of 1948, as amended, it does not mean that the first subsection is to control the following one. Subsection (a) has no legal effect on actions controlled by subsection (b) of Sec. 2401. Consequently the latest date the action here involved could have

1. Act of August 2, 1946, ch. 753, title IV, 60 Stat. 842–847. Most of the provisions of this Act have been codified in the Judicial Code, as amended, 28 U.S.C.A. §§ 1291, 1346, 1402, 1504, 2110, 2401, 2402, 2411, 2412, 2671–2680.

2. That section provided: *"Statute of Limitations.* Every claim against the United States cognizable under this chapter shall be forever barred, unless within one year after such claim accrued or within year after August 2, 1946, whichever is later, * * * an action is begun pursuant to subchapter II of this chapter."

3. "* * * No suit against the government of the United States shall be allowed under this paragraph unless the same shall have been brought within six years after the right accrued for which the claim is made. The claims * * * of persons under the age of twenty-one years, first accrued during minority * * * shall not be barred if the suit be brought within three years after the disability has ceased * * *".

been properly brought was April 25, 1950. See Ballance v. United States, D.C.Kan. 1950, 93 F.Supp. 681; 1949 U.S.Code Cong. Service, pp. 1227 & 1248.

Accordingly, the government's motion to dismiss will be allowed.