**Joseph BIZER, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 32931.**

United States District Court
N. D. California, S. D.

Sept. 20, 1954.

Harry P. Glassman, San Francisco, Cal., for plaintiff.

Lloyd H. Burke, U. S. Atty., George A. Blackstone, Asst. U. S. Atty., San Francisco, Cal., for respondent.

MURPHY, District Judge.

Defendant moves for summary judgment claiming that the record shows without any factual controversy that the claim is barred by the two years statute of limitations found in the Federal Tort Claims Act.

This is an action for malpractice against the United States arising out of

a cystoscopic examination performed on the plaintiff by a government doctor at the U. S. Public Health Service Hospital at San Francisco some four years prior to the date of filing suit. The complaint alleges that during the examination plaintiff's bladder was negligently punctured causing damage to his peripheral nerve system, but that the defendant did not discover that he had been negligently treated or the true cause of his injuries until well within two years of the bringing of the action.

Plaintiff in his deposition testified that during the examination he felt a burning pain in his stomach and couldn't pull his hand down from over his head. He had had a similar examination in 1934 and felt no pain. He knew that the doctor in charge ordered an immediate emergency operation. A few days later the doctor told him that in the course of the examination they had "accidently busted [his] bladder". Ever since the examination he has been experiencing pain. His whole right side bothered him at the time of his discharge from the hospital. He has from that time experienced a lack of coordination.

He was informed by an independent doctor in 1953 that in that doctor's opinion his physical injuries were due to the cystoscopic examination.

There is a contested issue of fact whether the plaintiff was still being treated by government doctors for his condition within the two year period.

The problem presented here is the relationship between two sections of the Federal Tort Claims Act—

Section 2401(b) of Title 28 provides:

"A tort claim against the United States shall be forever barred unless action is begun within two years after such claim accrues * * *."

Section 2674 of Title 28 provides:

"The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances".

■ It is conceded that the period of limitations which governs is the two year period provided in Section 2401(b). Indeed it must be. The cases uniformly so hold. They are collected in Young v. U. S., 87 U.S.App.D.C. 145, 184 F.2d 587, 21 A.L.R.2d 1464. This is the law in this Circuit. U. S. v. Westfall, 9 Cir., 1952, 197 F.2d 765.

■ The plaintiff argues that since 28 U.S.C. § 2674 has been interpreted to mean that the state law controls the existence of liability and the extent of damages (with specific exemptions in the statute not material here), the state law governs when the period of limitations begins to run. Plaintiff then argues that under California law the state statute of limitations does not begin to run until the patient knows the cause of his disability or should have known with the exercise of reasonable care or diligence or until the doctor-patient or hospital-patient relationship is severed.

Even though the California cases do not squarely hold that under the facts of this case the statute would not begin to run,[1] there is a wealth of apparently

1. The California cases involve factors not present here.

(a) Misrepresentation or fraudulent concealment by the doctor concerning the injury or condition. Costa v. Regents of University of California, 1st Dist. 1953, 116 Cal.App.2d 445, 254 P.2d 85; Stafford v. Shultz, 1954, 42 Cal.2d 767, 270 P.2d 1;

(b) Foreign substance left in the body during an operation. These are treated as continuing wrongs. Huysman v. Kirsch, 1936, 6 Cal.2d 302, 57 P.2d 908; Bowers v. Olch, 2d Dist. 1953, 120 Cal.

App.2d 108, 260 P.2d 997; Ehlen v. Burrows, 2d Dist. 1942, 51 Cal.App.2d 141, 124 P.2d 82;

(c) Reliance on the doctor's assertion that the injurious results were part of the normal treatment or that all possible care was being given. Costa v. Regents of University of California, supra, Greninger v. Fischer, 1st Dist. 1947, 81 Cal. App.2d 549, 184 P.2d 694;

(d) The patient is still being treated by the defendant and relies on his representation covering the condition treated.

well considered dicta stating plaintiff's position to be the California law. Stafford v. Shultz, 1954, 42 Cal.2d 767, 776, 270 P.2d 1, 7; Costa v. Regents of the University of California, 1st Dist.1953, 116 Cal.App.2d 445, 455, 254 P.2d 85, 91; Greninger v. Fischer, 1st Dist.1947, 81 Cal.App.2d 549, 553, 184 P.2d 694, 697; cf. Ehlen v. Burrows, 2d Dist.1942, 51 Cal.App.2d 141, 144, 124 P.2d 82, 84; Petrucci v. Heindenreich, 2d Dist.1941, 43 Cal.App.2d 561, 562, 111 P.2d 421, 422. The facts of these cases are very briefly set out in footnote 1. I will assume that on facts similar to this case, the California Courts would hold that the statute would not have begun to run until within the two year period.

Does the state law govern when the Tort Claims limitation of two years begins to run? This is a problem of statutory construction. Were it not for Section 2674, I would have no doubt that the words in Section 2401(b) "within two years after such claim accrues" were meant to have the same operation as is directed by similar words of limitation found in the Federal Employers' Liability Act, 45 U.S.C.A. § 56, and in the Suits in Admiralty Act, 46 U.S.C.A. § 745, which would uniformly apply to all federal tort claims.

Does Section 2674 change this result? I have discovered only one case directly in point. Foote v. Public Housing Commissioner of U. S., D.C.W.D.Mich.1952, 107 F.Supp. 270 held that the federal law determined when the two years limitation in Section 2401(b) should begin to run rather than the state law.

Foote was an action by decedent's administrator for wrongful death. Under Michigan law the state statute began to run on the appointment of the administrator. This administrator was appointed within two years of the filing of the complaint. The Court held the action barred since more than two years had elapsed since the date of death.

A closely related case is Maryland to Use of Burkhardt v. U. S., 4 Cir., 1947, 165 F.2d 869, 1 A.L.R.2d 213. This suit was brought for wrongful death more than one year but less than two years from the date of death. The Maryland Wrongful Death Statute contains its own one year limitation which under Maryland law was a substantive condition precedent to the maintenance of the action.[2] The court held that the state statute did not bar the action.[3]

In discussing the relationship between sections 2401(b) and 2674, the Court said:

"We think, however, that the purpose and effect of the language of the statute is that we shall look to the law of the state for the purpose of defining the actionable wrong for which liability shall exist on the part of the United States, but to the act itself for the limitations of time within which action shall be instituted to enforce the liability. * * * This language clearly means that the standards and tests of local law are to determine whether a negligent or wrongful act has been established which is actionable and the nature and extent of the recovery permitted on account there-

---

Petrucci v. Heindenreich, 2d Dist. 1941, 43 Cal.App.2d 561, 111 P.2d 421;

Plaintiff's deposition shows that he consulted with the doctor who finally informed him that in his opinion the change to his nervous system was caused by the examination, for a period of some two years and four months prior to the institution of the action to the present time.

(e) Prescription of a harmful drug— The drug was used in reliance on the doctor's representation that it would help. Agnew v. Lawson, 2d Dist. 1947, 82 Cal. App.2d 176, 185 P.2d 851.

2. In Federal Statutes which create a right but also impose their own limitations, the limitation is normally treated as a substantive limitation on that right. See the cases collected by Judge Yankwich in Adams v. Albany, D.C.S.D.Cal. 1948, 80 F.Supp. 876, 880.

3. For cases with holdings similar to Burkhardt but based on slightly different reasoning cf—Young v. U. S., 1950, 87 U.S. App.D.C. 145, 184 F.2d 587; Wiltse v. U. S., D.C.W.D.La.1947, 74 F.Supp. 786; See Kohn v. U. S., D.C.N.D.Cal.1948, 75 F.Supp. 689.

of, not the period of limitation within which the action must be instituted. The latter is prescribed by sec. 420, quoted above. The words 'under circumstances', twice used in defining liability in sec. 410(a), are not apt words to encompass the passage of time or to suggest a period of limitations. * * * " 4

and at 165 F.2d 874 the Court said:

"* * * the basis of our decision is that the adoption by the statute of the cause of action created by state law is not to be construed as adopting the limitation imposed by that law, since the statute contains its own limitation."

The government in Burkhardt argued that the state law was a substantive bar. Burkhardt is a stronger case for the application of state law than the procedural state law asserted here. It may be that Burkhardt can be distinguished on the ground that the Congress in waiving sovereign immunity in favor of private litigants in the Tort Claims Act, did not mean to preclude any action given by state law until the two year period prescribed had elapsed. But Burkhardt is nearly the converse of the case before me. "What is sauce for the goose is sauce for the gander".

I believe the effect of Section 2674 to be that stated in the Burkhardt case. Thus the state law does control when the Tort Claims limitation begins to run in one very important sense. There must be in existence a state cause of action before the statute has anything to run on, or if you will, before the "claim accrues". State law governs the existence of this cause of action. But this is quite a different thing from the date from which the state statute begins to run.

In the normal case the existence of the cause of action and the commencement of the period of limitation will be simultaneous, but this is not necessarily so. This is the case here. The California cases do not hold that there is no cause of action in existence prior to the conditions which begin the running of the state statute. Indeed, the plaintiff brings this suit during the period in which, by his argument, the state statute would not yet have begun to run. I hold that the state law governs when the cause of action comes into existence but the federal law governs when the Tort Claims limitation begins to run.

Some support is given to this position by the cases which hold that the two year limitation in the Tort Claims Act applies rather than the period prescribed by state law. For example in U. S. v. Westfall, 9 Cir., 1952, 197 F.2d 765, at page 766, the Court of Appeals for this Circuit said: "The Tort Claims Act, however, prescribes its own limitation." A limitation which is a period of time must have a beginning and end. If Section 2401(b) is a real period of limitation as distinguished from a yardstick of time, it must prescribe this beginning.

The question of when this "claim accrued" under federal law remains. While I know of no malpractice cases in point under this statute [5] or under analogous federal statutes which prescribe the period of limitations in like language [6] both under the Tort Claims Act [7] and analogous acts [8] claims for traumatic injuries have been held to have "accrued" on the date of the injury. In Deer v. N. Y. Central R. Co., 7 Cir., 1953, 202 F.2d 625 the statute of limitations contained in the Federal Employers' Liability Act was held to begin to run on the date of the

4. 165 F.2d 871.

5. Cf—Jefferson v. U. S., D.C.D.Md. 1948, 77 F.Supp. 706, affirmed sub nom. Feres v. U. S., 1950, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152.

6. Federal Employers' Liability Act, 45 U.S.C.A. § 56 "from the day the cause of action accrued"; Suits in Admiralty Act, 46 U.S.C.A. § 745—"after the cause of action arises".

7. Carnes v. U. S., 10 Cir., 1951, 186 F.2d 648; Whalan v. U. S., D.C.D.Pa. 1952, 107 F.Supp. 112; see U. S. v. Westfall, 9 Cir., 1952, 197 F.2d 765; Kohn v. U. S., D.C.N.D.Cal. 1948, 75 F.Supp. 689.

8. McMahon v. U. S., 1951, 342 U.S. 25, 72 S.Ct. 17, 96 L.Ed. 26; Deer v. N. Y. Central R. Co., 7 Cir., 1953, 202 F.2d 625.

initial trauma rather than when plaintiff subsequently learned of a tumor which developed as a result of the accident. The weight of authority in the state courts is that an action for malpractice accrues on the date of the doctor's wrongful act or omission.[9]

■ I hold that under the facts disclosed in plaintiff's deposition and not questioned by plaintiff's counsel, the claim accrued more than two years prior to the bringing of the action.

I need not hold, and do not hold, that in every malpractice case under the Tort Claims Act, the period of limitations begins to run on the date of the injury. Here the injury was caused while plaintiff was conscious; the injury was traumatic; plaintiff knew that he was injured, he was told the examination had burst his bladder and he knew that this had not happened in a previous examination of a similar type.

The motion for summary judgment is granted. Defendant's attorney will prepare an appropriate order.

9. See Note 144 A.L.R. 209 (1943).