Anne MORGAN, William Morgan, an infant by his Guardian ad litem Robert Morgan and Robert Morgan, individually, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 19-56.

United States District Court
D. New Jersey.

Aug. 29, 1956.

Jerome L. Yesko, Paterson, N. J., for plaintiffs.

Herman Scott, Acting U. S. Atty., Passaic, N. J., for the Government.

WORTENDYKE, District Judge.

In this action under the Federal Tort Claims Act, 28 U.S.C.A. § 2671 et seq., the Government moves for dismissal under Rule 12(b) (6) of the Rules of Civil Procedure, 28 U.S.C.A., contending that the complaint fails to state a claim against defendant upon which relief can be granted because barred by the two-year period of limitation set forth in 28 U.S.C.A. § 2401(b). This Court derives jurisdiction of the action from 28 U.S.C.A. § 1346(b).

The action was commenced by the filing of the complaint therein on January 16, 1956, Rule 3, R.Civ.P. Plaintiffs allege four causes of action. The first cause of action is a claim of Anne Morgan for damages for personal injuries and their consequences resulting from the alleged negligent transfusion into her blood stream, on February 10 or February 12, 1953, of blood of an improper or unsuitable type in the course of treatment administered to her by defendant's agent while she was a maternity patient at defendant's Army Hospital at Indiantown Gap, Pennsylvania.

The second cause of action is a claim in behalf of an infant child of Anne Morgan, born June 15, 1955 at Montclair, New Jersey, for damages for the effects upon the health of the child alleged to have resulted from the injuries of which the mother complains in the First Cause of Action.

The third and fourth causes of action embody claims of Robert Morgan in his respective capacities as husband of Anne and father of her said infant child.

Defendant contends that the claims of all of the plaintiffs are barred by 28 U.S.C.A. § 2401(b). The cited section reads in full as follows:

"§ 2401. Time for commencing action against United States

"(a) Every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues. The action of any person under legal disability or beyond the seas at the time the claim accrues may be commenced within three years after the disability ceases.

"(b) A tort claim against the United States shall be forever barred unless action is begun within two years after such claim accrues or within one year after the date of enactment of this amendatory sentence, whichever is later, or unless, if it is a claim not exceeding $1,000, it is presented in writing to the appropriate Federal agency within two years after such claim accrues or within one year after the date of enactment of this amendatory sentence, whichever is later. If a claim not exceeding $1,000 has been presented in writing to the appropriate Federal agency within that period of time, suit thereon shall not be barred until the expiration of a period of six months after either the date of withdrawal of such claim from the agency or the date of mailing notice by the agency of final disposition of the claim. June 25, 1948, c. 646, 62 Stat. 971, amended Apr. 25, 1949, c. 92, § 1, 63 Stat. 62."

From the "Historical and Revision Notes" appended to the foregoing section we learn that it is based on Title 28 U.S.C. 1940 ed. §§ 41(20) and 942 which are consolidated thereby, and that present subsection (b) simplifies and restates former section 942.

Former section 41 of Title 28 prescribes the original jurisdiction of the District Courts, and subsection 20 thereof confers jurisdiction of suits against the United States. Insofar as here relevant the subsection reads in part as follows:

"No suit against the Government of the United States shall be allowed under this paragraph unless the same shall have been brought within six years after the right accrued for which the claim is made. The claims of married women, first accrued during marriage, of persons under the age of twenty-one years, first accrued during minority, and of idiots, lunatics, insane persons, and persons beyond the seas at the time the claim accrued, entitled to the claim, shall not be barred if the suit be brought within three years after the disability has ceased; but no other disability than those enumerated shall prevent any claim from being barred, nor shall any of the said disabilities operate cumulatively."

It should be remembered that the foregoing section (41) did not confer jurisdiction of actions upon tort claims against the United States, and the Federal Tort Claims Act was not adopted until 1946. The tolling provisions of former section 41 were, therefore, not in contemplation of actions against the Government upon tort claims. In 1948 jurisdiction in tort actions against the Government was conferred upon the District Court by former section 931(a) now included in section 1346(b) of Title 28. Thus the right and jurisdiction to entertain a suit to recover against the Government for a tort was created by legislation independent of and subsequent to that by which limitations were imposed and tolling thereof was contemplated with respect to other than tort claims against the United States. While a "civil action commenced against

the United States" as the phrase is used in 28 U.S.C.A. § 2401(a) is a classification broad enough to include an action upon "A tort claim against the United States" as that phrase is used in subdivision (b) of the same section, we must assume that the Congress had some reason for singling out for separate limitation treatment Federal Tort Claim cases from other civil actions against the Government. In construing the Federal Tort Claims Act in Indian Towing Co. v. United States, 1955, 350 U.S. 61, at page 69, 76 S.Ct. 122, at page 126, Mr. Justice Frankfurter suggests avoidance of extremes when he says:

"Of course, when dealing with a statute subjecting the Government to liability for potentially great sums of money, this Court must not promote profligacy by careless construction. Neither should it as a self-constituted guardian of the Treasury import immunity back into a statute designed to limit it."

The Act itself, 28 U.S.C.A. § 2680, expressly excludes from its application and that of Section 1346(b) thirteen different categories of tort claims which might otherwise be construed to be within the meaning of the language:

"claims against the United States, for money damages * * * for injury * * * caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred"

contained in said section, § 1346(b).

The specific question presently confronting us has already been judicially answered adversely to the plaintiffs' right to maintain this action.

In Whalen v. United States, D.C.Pa. 1952, 107 F.Supp. 112, an action commenced January 3, 1952 under the Federal Tort Claims Act for injuries sustained by an infant on January 24, 1947 was dismissed on defendant's motion because barred by 28 U.S.C.A. § 2401 (b). At page 113 of 107 F.Supp. of his opinion, District Judge Ganey commented upon the subsection as follows:

"The above subsection formerly appeared as part of § 24(20) of the old Judicial Code, as amended, 28 U.S.C. (1940 Ed.) § 41(20). It was part of our law long before the Federal Tort Claims Act came into existence. It was therefore independent of the latter Act. Merely because the subsections now appear under the same heading in the United States Code of 1948, as amended, it does not mean that the first subsection is to control the following one. Subsection (a) has no legal effect on actions controlled by subsection (b) of Sec. 2401."

About two months after Judge Ganey's decision in Whalen, Judge Starr reached the same conclusion in the Southern Division of the Western District of Michigan on defendant's motion to dismiss in a death case under the same Act. Foote v. Public Housing Commissioner of United States, D.C., 107 F.Supp. 270, 272. The opinion in Foote points out that suits against the United States on tort claims "may be maintained only in the manner and subject to the restrictions prescribed in the Act * * *", citing Munro v. United States, 303 U.S. 36, 58 S.Ct. 421, 82 L.Ed. 633, and that 28 U.S.C.A. § 2401(b) "is not merely a procedural requirement but limits the substantive rights created by the * * * Act." The Court, in Foote, further recognized that although "the standards and tests of local State law are applicable in determining whether an actionable negligent or wrongful act has been committed, and the nature and extent of the recovery permitted", the Act created "a liability on the government not theretofore existing, and by the enactment of § 2401(b) it placed a limitation on the substantive rights created, by providing a time limit upon the right to begin an action on a tort

claim." Citing United States v. Westfall, 9 Cir., 197 F.2d 765, and Burkhardt, State of Md., to Use of, v. United States, 4 Cir., 165 F.2d 869, 1 A.L.R.2d 213. The Foote case also determined that the "disability provision" contained in 28 U.S.C.A. § 2401(a) was never intended to apply to § 2401(b).

In Glenn v. United States, D.C.Cal. 1955, 129 F.Supp. 914, a five-year-old child sought damages under the Federal Tort Claims Act for bodily injuries suffered at time of birth in consequence of being dropped on his head by employees of the dispensary of a United States Naval Air Station. The child was born (and the injuries were presumably inflicted) December 5, 1949, but the action was not commenced until November 12, 1953. The trial court answered in the affirmative the confronting question whether or not the general language of subsection (a) of § 2401 (of Title 28) modified "the particular language of subsection (b)", and sustained the right to recover by holding that the infancy of the plaintiff was a disability tolling, by reason of the provisions of § 2401(a), the limitation imposed by subdivision (b) of the same section because, according to the view of the District Judge, 129 F.Supp. at page 919:

> "The two subsections (a) and (b) of § 2401, being *in pari materia*, Bowie v. Gonzalez, 1 Cir., 1941, 117 F.2d 11, 17, should be taken together, compared with each other, and construed as a unit, while bearing in mind that the division of a statute into sections and subsections is usually but an artificial device for the reader's convenience."

In reversing the District Court in 1956 the Ninth Circuit Court of Appeals, United States v. Glenn, 231 F.2d 884, at page 886, held:

> "This court does not choose to place its decision on the ground that it is clear beyond argument that (b) [of § 2401] is not qualified by the tolling sentence (a). But it is here held that it is not clear that the sentence in (a) qualified the limitation on tort claims set forth in (b)."

■ It appears on the face of the complaint in the case at bar that the cause of action, if any, of Anne Morgan accrued on February 10th or 12th, 1953. Bizer v. United States, D.C.Cal. 1954, 124 F.Supp. 949, citing Deer v. New York Central R. Co., 7 Cir.1953, 202 F.2d 625. Counsel for plaintiffs represent that Anne Morgan was then a minor. Because her action was not commenced until January 16, 1956, more than two years had then expired after the accrual of her cause of action. Her claim was, therefore, barred by 28 U.S.C.A. § 2401(b) when the action was commenced. Defendant's motion to dismiss the First Cause of Action in the Complaint is granted.

■ The Second Cause of Action, if any, alleged in behalf of the infant, William Morgan, must also be dismissed for the reasons hereinbefore stated in disposing of the First Cause of Action. It will be noted that the tortious conduct alleged occurred on February 10th or 12th, 1953. Complaint alleges William Morgan was born June 15, 1955. This Court takes judicial notice that the period of gestation in human females is approximately nine months following conception. When the tortious conduct occurred William Morgan had not yet been conceived. He was then neither a viable foetus nor *en ventre sa mere*. The alleged tort occurred in Pennsylvania. Whether a cause of action accrued to William Morgan is governed by the law of that State. 28 U.S.C.A. § 1346 (b). No cause of action accrued in favor of William Morgan. Berlin v. J. C. Penney Co., Inc., 1940, 339 Pa. 547, 16 A.2d 28. The allegations of the Second Cause of Action alleged in the complaint fail to state a claim against defendant upon which relief can be granted.

■ The Third and Fourth Causes of Action alleged in the complaint (by Robert Morgan in his respective capacities as husband of Anne and father of William) must also be dismissed because,

being derivative respectively from the First and Second Causes of Action, they must fall with those upon which they depend.

An appropriate order may be presented in conformity with the view hereinabove expressed.