[No. S124188. June 4, 2007.]

ATWATER ELEMENTARY SCHOOL DISTRICT, Plaintiff and Respondent,
v.
CALIFORNIA DEPARTMENT OF GENERAL SERVICES, Defendant and
Respondent;
ALBERT G. TRUITT, JR., Real Party in Interest and Appellant.

228

COUNSEL

Driscoll & Associates and Thomas J. Driscoll, Jr., for Real Party in Interest and Appellant.

John F. Kohn, Beverly Tucker, Rosalind D. Wolf, Robert E. Lindquist, Brenda E. Sutton-Wills, Michael D. Hersh and Joseph R. Colton for California Teachers Association as Amicus Curiae on behalf of Real Party in Interest and Appellant.

Lozano Smith, Michael E. Smith, Howard A. Friedman, Stephen A. Mendyk, Jesse J. Maddox and Martha B. Scott for Plaintiff and Respondent.

John Bukey, Richard Hamilton and Judith Cias for Education Legal Alliance of the California School Boards Association as Amicus Curiae on behalf of Plaintiff and Respondent.

No appearance for Defendant and Respondent.

**OPINION**

**CORRIGAN, J.**—Education Code section 44944, subdivision (a)[1] prohibits the introduction of evidence relating to matters occurring more than four years before a school district files a notice of intention to dismiss a teacher. It also bars the dismissal of a teacher for events occurring more than four years before the notice was filed. We conclude, however, that the four-year period in section 44944, subdivision (a) (section 44944(a)) is not absolute. Its bar may be evaluated in the context of equitable estoppel when the basis of equitable relief is established.

## I. FACTS

Albert G. Truitt was a credentialed teacher employed by the Atwater Elementary School District (the district). On July 17, 2002, the district filed and served an "Accusation and Notice of Dismissal and Charges" (notice of intent or notice) pursuant to sections 44939 and 44944 and Government Code section 11503, alleging that Truitt had engaged in sexual misconduct with five students between 1992 and 1998. The district claimed that Truitt, who was also a track coach, befriended young boys, encouraged their participation in track and field, and used his position of trust to sexually abuse them. It alleged that on numerous occasions, Truitt improperly massaged and touched the buttocks and genitals of several male track participants. The conduct occurred in Truitt's home as well as on overnight trips when Truitt shared accommodations with students. All of the incidents set out in the district's notice of intent involved boys who were students or former students of the district.

Truitt denied the allegations and asserted affirmative defenses. The district then filed an amended notice alleging he was dishonest and unfit for service. Truitt again denied all charges raising the same defenses.

During subsequent administrative proceedings, Truitt moved to dismiss all allegations based on incidents occurring more than four years before the district served its notice of intent and to exclude any evidence relating to such incidents. He relied on section 44944(a), which states in pertinent part: "No testimony shall be given or evidence introduced relating to matters that occurred more than four years prior to the date of the filing of the notice. Evidence of records regularly kept by the governing board concerning the employee may be introduced, but no decision relating to the dismissal or

---

[1] All further statutory references are to the Education Code.

suspension of any employee shall be made based on charges or evidence of any nature relating to matters occurring more than four years prior to the filing of the notice."

After the administrative law judge granted Truitt's motions, the district sought a writ of mandate to vacate the rulings. The trial court granted the petition and directed the administrative law judge to enter new orders denying the motions. The Court of Appeal reversed, holding that the section 44944(a) time limit is "absolute and cannot be extended by the application of equitable doctrines such as delayed discovery, fraudulent concealment, equitable estoppel, and continuing course of conduct."

## II.  DISCUSSION

Since we granted review the case has become moot. Truitt resigned his teaching position, relinquished his teaching credential pursuant to a criminal plea bargain, and subsequently died. However, it is undisputed that this case involves a matter of statewide importance, so we have retained it for decision. (*State of Cal. ex rel. State Lands Com. v. Superior Court* (1995) 11 Cal.4th 50, 61 [44 Cal.Rptr.2d 399, 900 P.2d 648].)

■ Under the Education Code, credentialed teachers may be disciplined by a local school district or by the commission on teacher credentialing (CTC). Regarding grounds for termination *by a school district*, section 44932, subdivision (a) provides, as applicable here: "No permanent employee shall be dismissed except for one or more of the following causes: [¶] (1) Immoral or unprofessional conduct. [¶] . . . [¶] (3) Dishonesty. [¶] . . . [¶] (5) Evident unfitness for service. . . ." Procedures for a dismissal of a credentialed teacher are detailed in section 44944.[2]

■ The question here is whether section 44944(a)'s four-year limitation is absolute or may be subject to equitable principles. The district argues that the four-year timeframe should be characterized as a statute of limitations, subject to equitable principles. It urges that the Court of Appeal incorrectly characterized subdivision (a) as an evidentiary bar or condition on a substantive right. We conclude that the distinction is immaterial. The courts have applied equitable principles to conditions on substantive rights as well as to statutes of limitation (see, e.g., *Estate of Caravas* (1952) 40 Cal.2d 33, 42

---

[2] Alternatively, the CTC may discipline a teacher by private admonition, public reproval, suspension or revocation of a teaching credential under section 44421. This alternative is not at issue here.

[250 P.2d 593]), and "where actual or practical access to the courts is prevented the distinction between so-called substantive and procedural statutes of limitations may be disregarded." (*Myers v. Stevenson* (1954) 125 Cal.App.2d 399, 405 [270 P.2d 885].) As one commentator has explained: "In some jurisdictions, circumstances or events that suspend the running of a statute of limitations . . . do not delay the expiration of a right except as provided in the statute creating the right. [Citations.] Other jurisdictions reject this distinction as legalistic and unreasonable. [Citations.] [¶] California is definitely committed to the second position." (3 Witkin, Cal. Procedure (4th ed. 1996) Actions, § 417, p. 525.) Thus, the characterization of section 44944(a)'s rule does not resolve whether equitable principles apply. (3 Witkin, *supra*, § 417 at p. 526; *People ex rel. Dept. of Corporations v. SpeeDee Oil Change Systems, Inc.* (2002) 95 Cal.App.4th 709, 724 [116 Cal.Rptr.2d 497].)

The district invites us to individually address several equitable doctrines.[3] We decline to do so because consideration of individual doctrines is unnecessary. A conclusion that any one applies resolves whether the four-year time limitation is absolute. In addition, the record does not facilitate consideration of individual doctrines. Because of the procedural posture of this case, the parties have not adequately set forth the factual basis on which various equitable principles would rest. Accordingly, for the purposes of this case, we narrow our focus to the one equitable doctrine that comes readily to mind in a section 44944(a) context: equitable estoppel.

■ Our decision in *Lantzy v. Centex Homes* (2003) 31 Cal.4th 363 [2 Cal.Rptr.3d 655, 73 P.3d 517] (*Lantzy*) provides guidance. There, we explained, " ' "Equitable estoppel . . . comes into play only after the limitations period has run and addresses . . . the circumstances in which a party will be estopped from asserting the statute of limitations as a defense to an admittedly untimely action because his conduct has induced another into forbearing suit within the applicable limitations period. [Equitable estoppel] is wholly independent of the limitations period itself and takes its life . . . from the equitable principle that no man [may] profit from his own wrongdoing in a court of justice." ' [Citations.]" (*Lantzy, supra*, at p. 383.) Because equitable estoppel is "wholly independent" of section 44944(a)'s time limitation, it could be relied upon in some circumstances to prevent a defendant from asserting the statutory bar. "To create an equitable estoppel, 'it is enough if the party has been induced to refrain from using such means or taking such

---

[3] The district raises the doctrines of equitable tolling, equitable estoppel, fraudulent concealment, and delayed discovery.

action as lay in his power, by which he might have retrieved his position and saved himself from loss.' . . . 'Where the delay in commencing action is induced by the conduct of the defendant it cannot be availed of by him as a defense.' " (*Benner v. Industrial Acc. Com.* (1945) 26 Cal.2d 346, 349–350 [159 P.2d 24], italics & citation omitted.) Under this analysis, if the district were able to meet the requirements of equitable estoppel, it could have been allowed to introduce evidence of, and base its dismissal proceedings on, incidents falling outside the four-year window.

■ We hold that equitable estoppel *may* apply to section 44944(a)'s four-year time limitation. We express no opinion on whether the district could have satisfied the doctrine's requirements here. Nor need we decide whether other equitable principles might apply. We simply conclude that the four-year time limitation is not absolute.[4]   ■ Our decision is also supported by the view that "courts should not presume the Legislature intended 'to overthrow long-established principles of law unless such intention is made clearly to appear either by express declaration or by necessary implication.' [Citations.] The Legislature could have easily stated it intended to abrogate long-established equitable principles [such as equitable estoppel]. It did not do so." (*Juran v. Epstein* (1994) 23 Cal.App.4th 882, 896 [28 Cal.Rptr.2d 588].)

■ In reaching a contrary result, the Court of Appeal referred to section 44242.7, which applies to disciplinary actions brought by the CTC against a credentialed teacher. Section 44242.7 expressly exempts allegations of sexual misconduct from the requirement that allegations of wrongful acts be presented to the CTC within four years from the date of the alleged act. It states, "Any allegation of an act or omission by the holder of a credential, *except for an allegation that involves sexual misconduct* with a minor or recurring conduct resulting in a pattern of misconduct, shall be presented to the Committee of Credentials for initial review within four years from the date of the alleged act or omission, or within one year from the date the act or omission should reasonably have been discovered." (§ 44242.7, italics added.) Because the Legislature did not incorporate this exemption into local district proceedings brought under section 44944, the Court of Appeal concluded that its time limits were absolute.

---

[4] Because our decision is limited to the possible application of equitable estoppel to section 44944(a)'s time limitation, we need not address the district's argument that the doctrine of equitable tolling may apply to the time limits set forth in section 44944(a) based on our dicta in *Fontana Unified School Dist. v. Burman* (1988) 45 Cal.3d 208, 222, footnote 15 [246 Cal.Rptr. 733, 753 P.2d 689].

The Court of Appeal also relied on the fact that, in 1993, the Legislature had an opportunity to amend section 44944(a) and include language similar to the section 44242.7 exemption. Senate Bill No. 941 would have "create[d] an exception to the 4-year limitation in which evidence may be admitted against a certificated employee, in a hearing to suspend or dismiss the employee, in the case of allegations of childhood sexual abuse or molestation as long as the time limits applicable in a civil action for recovery of damages in a childhood sexual abuse case would otherwise be met." (Legis. Counsel's Dig., Sen. Bill No. 941 (1993–1994 Reg. Sess.) as introduced Mar. 5, 1993.)[5]

The Legislature did not adopt Senate Bill No. 941 (1993–1994 Reg. Sess.). Although numerous reasons might explain the Legislature's inaction, the Court of Appeal relied on the bill's introduction as further support for its view that the Legislature could have, but did not, include an exemption in section 44944(a) similar to the exemption for sexual misconduct found in section 44242.7.

We disagree with the Court of Appeal's analysis. By amending section 44242.7, the Legislature created an express legal exception in the case of sexual misconduct charges made in proceedings *before the CTC*. By refusing to include a similar express exception in section 44944(a), the Legislature did not foreclose the application of equitable principles to the time limits set out in that statute. Indeed, the application of equity does not create an *exception* to the four-year time limit. Generally, as a matter of law, the limit still applies. Equitable estoppel may apply in a given case for particular reasons "wholly independent" of the general rule of section 44944(a). Thus, the Legislature's decision to include or omit such an express legal exception does not signal an intent to bar the application of equitable estoppel. It simply reflects a legislative disinclination to write a sweeping exception into the statutory scheme as a matter of law.

---

[5] Thus, in pertinent part, section 44944(a) would have been amended to state: "No testimony shall be given or evidence introduced relating to matters that occurred more than four years prior to the date of the filing of the notice; however, if allegations of childhood sexual abuse or molestation are made against the employee, testimony and other evidence shall be admitted if the time requirements specified in subdivision (a) of Section 340.1 of the Code of Civil Procedure would otherwise be met. Evidence of records regularly kept by the governing board concerning the employee may be introduced, but, except for matters relating to childhood sexual abuse or molestation, as provided for in this subdivision, no decision relating to the dismissal or suspension of any employee shall be made based on charges or evidence of any nature relating to matters occurring more than four years prior to the filing of the notice." (Sen. Bill No. 941 (1993–1994 Reg. Sess.) as introduced Mar. 5, 1993.)

The Court of Appeal's analysis also creates an unacceptable anomaly. A teacher could be prosecuted criminally, the CTC could institute credential revocation proceedings, and a school district could be sued for negligent hiring, retention, and supervision all based on the same set of facts that exist here. Yet, the Court of Appeal's literal interpretation of section 44944(a) would deprive a school district of the ability to dismiss an employee on the same set of facts. The district has no control over a prosecutor's decision to pursue criminal charges or over actions taken by the CTC. We decline to embrace the Court of Appeal's holding that a school district may be powerless to act against a teacher accused of sexual misconduct, no matter how compelling the evidence, unless and until the CTC acts or the teacher is criminally charged and prosecuted. Such a result could not have been intended by the Legislature in light of the different burdens of proof and procedures involved in those separate proceedings.[6]

We conclude the Legislature did not intend section 44944(a)'s time limitation to be absolute. If the requirements of equitable estoppel had been established, they could have applied in this case.

### III.  DISPOSITION

The Court of Appeal's judgment is reversed.

George, C. J., Baxter, J., Werdegar, J., Chin, J., and Moreno, J., concurred.

**KENNARD, J.,** Dissenting.—I dissent.

This case does *not* present an issue of whether disciplinary action may be taken against a teacher for sexual misconduct that occurred more than four years before an accusation of such misconduct was made. Rather, the question presented here is whether the action may be taken by a school district or only by the commission on teacher credentialing (hereafter Commission). I would respect the Legislature's clear and unambiguously stated policy decision that such actions are to be taken only by the Commission.

---

[6] For example, the prosecution must prove criminal charges beyond a reasonable doubt. Credential revocation proceedings before the CTC involve additional procedural requirements that the district does not incur in its dismissal proceedings. (See § 44242.5 et seq.)

The Legislature has established *two* separate but interrelated systems for addressing misconduct by a credentialed teacher. The first grants school boards the authority to suspend or dismiss a teacher. (Ed. Code, § 44932 et seq.) The second authorizes the Commission to admonish a teacher, to publicly reprove a teacher, or to suspend or revoke a teacher's credential. (*Id.*, § 44242.5 et seq.)

The Legislature's grant of authority to *school boards* to suspend or dismiss a teacher is limited to matters occurring within four years of the filing of a notice of charges. Education Code section 44944, subdivision (a)(5) so provides: "No testimony shall be given or evidence introduced relating to matters that occurred more than four years prior to the date of the filing of the notice. . . . [N]o decision relating to the dismissal or suspension of any employee shall be made based on charges or evidence *of any nature* relating to matters occurring more than four years prior to the filing of the notice." (Italics added.)

The Legislature's grant of authority to the Commission, however, is not so limited. Education Code section 44242.7, subdivision (a) provides: "Any allegation of an act or omission by the holder of a credential, *except for an allegation that involves sexual misconduct with a minor* or recurring conduct resulting in a pattern of misconduct, shall be presented to the [Commission's] Committee of Credentials for initial review within four years from the date of the alleged act or omission, or within one year from the date the act or omission should reasonably have been discovered." (Italics added.) A school district, as the credentialed teacher's employer, is specifically authorized to present such allegations to the Commission. (Ed. Code, § 44242.5, subd. (b)(3)(A), (4).)

The wording of these statutes is so clear and their meaning so plain that no statutory construction is needed or warranted. As noted earlier, a *school district's* authority to impose professional discipline on a teacher based on evidence or charges *of any nature* is limited to matters occurring no more than four years before the charges were initiated. The *Commission* may, however, take action as to any allegation of sexual misconduct with a minor without any time limitation. (Ed. Code, § 44242.7, subd. (a); *In re R.G.* (2000) 79 Cal.App.4th 1408, 1417 [94 Cal.Rptr.2d 818].) The conclusion that the

Legislature made the Commission the exclusive forum for disciplinary actions involving allegations of teacher sexual misconduct more than four years old is unavoidable.

Also unavoidable is the conclusion that the Legislature's decision was an intentional, considered one and not the result of inadvertence. Senate Bill No. 941 (1993–1994 Reg. Sess.) was introduced in 1993 to amend Education Code section 44944, subdivision (a), the statute governing *school district* actions, to create an exception to the four-year limitation for cases involving allegations of sexual abuse or molestation of a minor. (Stats. 1994, ch. 681, § 3, p. 3292.) But the Legislature never enacted Senate Bill No. 941. Instead, it enacted Senate Bill No. 1843, a measure that added to the Education Code section 44242.7, which exempts allegations of sexual misconduct with a minor from the four-year limitation in *Commission* proceedings. (Sen. Bill No. 1843 (1993–1994 Reg. Sess.) § 3.) Thus, as the Court of Appeal correctly observed: "The legislative materials show, in fact, that the lawmakers declined to exempt allegations of sexual misconduct from section 44944's prohibitions and, instead, enacted provisions dealing with the topic in the credential revocation scheme."

The Legislature has made a decision and expressed that decision in clear and unmistakable language. Whether the members of this court agree or disagree with the Legislature's decision is irrelevant. "The judiciary, in reviewing statutes enacted by the Legislature, may not undertake to evaluate the wisdom of the policies embodied in such legislation; absent a constitutional prohibition, the choice among competing policy considerations in enacting laws is a legislative function." (*Superior Court v. County of Mendocino* (1996) 13 Cal.4th 45, 53 [51 Cal.Rptr.2d 837, 913 P.2d 1046].) Whatever the applicability, scope, and efficacy of the doctrine of equitable estoppel may be in cases not involving allegations of teacher sexual misconduct more than four years old, in my view it may not be invoked to nullify a decision by the Legislature to vest authority over such cases more than four years old in the Commission and not in school districts.

The majority suggests that unless school districts are, contrary to the Legislature's decision, given authority to discipline a teacher for sexual misconduct with a minor occurring more than four years before the notice of charges is filed, a school district will be powerless, no matter how compelling the evidence, to take any action against the teacher. (Maj. opn., *ante*, at p. 235.) Not so. A school district that learns of a teacher's sexual misconduct with a minor more than four years earlier may immediately suspend the teacher while it presents those charges to the Commission. (Ed. Code, §§ 44242.5, subd. (a)(3)(A), 44939.) Moreover, the Legislature could reasonably decide that the Commission's power to suspend or revoke a teaching credential is the most effective means of ensuring that the teacher will be denied access to students in districts statewide who might otherwise become potential molest victims.

I would affirm the judgment of the Court of Appeal.